CITY OF LINCOLN, PLAINTIFF IN ERROR, V. SAMUEL B. WALKER, DEFENDANT IN ERROR.

1. **Negligence:** CONTRIBUTORY NEGLIGENCE: BURDEN OF PROOF. In an action for negligence, where the plaintiff can prove his case without disclosing any negligence on his part, contributory negligence is a matter of defense, the burden of proving it being on the defendant.

2. ———: EXCAVATION IN STREETS OF CITY. A person traveling in a public street, if he exercise ordinary care, has a right to be absolutely safe against all accidents arising from obstructions or imperfections in the street. And if a person is authorized to make an excavation in the street, he is bound at his peril to protect the same and leave the street in as safe condition as it would be if the excavation had not been made.

ERROR to the district court for Lancaster county. Tried below before GASLIN, J., sitting for POUND, J.

*A. C. Ricketts (Mason & Whedon* with him), for plaintiff in error, cited: *Reynolds v. N. Y. C. & H. R. R.*, 58 N. Y., 248. *Weber v. Id.*, 58 Id., 451. *Masseth v. R. R.*, 64 Id., 524. Thompson on Negligence, 1236. *Rudolph v. French*, 44 How. Pr., 160. *Wendell v. R. R.*, 91 N. Y., 420. *Aurora & C. R. R. Co. v. Grimes*, 13 Ill., 585. *Dyer v. Talcott*, 16 Ill., 300. *Galena, &c., R. R. Co. v. Fay*, 16 Ill., 558. *Brannan v. May*, 17 Ga., 136. *Edwards v. Carr*, 13 Gray (Mass)., 234. *Perkins v. Eastern &c., R. R. Co.*, 29 Me., 307. *Walker v. Herron*, 22 Tex., 55. *Hyde v. Jamaica*, 27 Vt., 443. *Dressler v. Davis*, 7 Wis., 527. *Chamberlain v. M. & M. R. R. Co.*, 7 Wis., 426. *M. & C. R. R. Co. v. Hunter*, 11 Wis., 160.

*Lamb, Billingsley & Lambertson*, for defendant in error, cited: *Randall v. N. W. Tel. Co.*, 54 Wis., 147. *Omaha R. R. v. Doolittle*, 7 Neb., 125. *Mayor v. Dodd*, 58 Ga., 238.

MAXWELL, J.

This action was brought by the defendant in error against the city of Lincoln to recover damages alleged to have been sustained by him from falling into an excavation on O street, in front of block 52, whereby he sustained damages to the amount of $3,000. The answer is, that said plaintiff well knew of said excavation; that it was well protected by guards placed over and across the sidewalks where they approached said excavation ; that the street lamp of the St. Charles Hotel lighted up the same, and would have enabled the most casual observer to see the nature and extent of the excavation; that the injury was occasioned wholly by the plaintiff's negligence, etc. The jury returned a verdict in favor of the plaintiff below for the sum of $1,200. The city filed a motion for a new trial, in which are forty-one assignments of error. The motion was overruled and judgment rendered on the verdict, but taxing the costs to each party.

The errors relied upon are to the giving and refusing certain instructions.

The testimony tends to show that at the time the accident occurred a large brick building was being constructed on the north-east corner of block 52, fronting on 8th and O streets; that an excavation of the same depth as the cellar extended into O street from 12 to 15 feet, and from 50 to 65 feet in length; that this excavation was walled up a little above the surface of the ground, being about four inches above at the north-east corner, and nineteen at the north-west; that as this excavation extended across the sidewalk a temporary fence was erected across the sidewalk on the east and west sides by nailing up two six or eight inch boards at each of said places; that a similar fence was constructed on the north side, the posts consisting of 2x4 scantling 5 feet in length, driven into the ground about 18 inches, and two 6 or 8 inch boards nailed on to

these posts.   There were two openings left for carrying
material into the building, one being near the north-east
corner, and the other near the north-west corner.   It is
claimed that these openings were closed at night, but this
is denied.

The distance this fence was from the excavation is not
certain, some of the witnesses saying it was close to the
wall of the excavation, while others state that it was three
feet away.   A temporary sidewalk from three to four
feet in width was constructed around this excavation, laid
on 2x4 inch scantling, and the fence posts were nailed to
the south side of the temporary walk.   The St. Charles
Hotel was immediately west of the excavation in question,
and the fence around it commenced on the east side of the
hotel.   There was a dim light in front of the hotel, ap-
parently at the outer edge of the sidewalk, showing the
name of the hotel.   O street is one of the public streets of
Lincoln, the Union Pacific depot being located at the foot
of the street, and there being a very large number of
persons passing and repassing along said street.   On the
24th of November, 1881, the plaintiff below, being a
stranger in Lincoln, left the Oriental Hotel in said city
about 7 o'clock in the evening to go to the Union Pacific
depot.   On inquiring the way he was directed to go north
to O street, thence west along said street to the depot.   The
night seems to have been very dark, and the plaintiff not
knowing of the obstruction in question, while a short dis-
tance east of the same, two men passed on to the sidewalk
about 40 feet in front of him, going in the same direction
that he was, and supposing them to be more familiar with
the streets than he was he followed them, being guided by
their voices.   As the two persons named came in front of
the St. Charles Hotel he observed that they passed between
the light in front of the hotel and that building, being
considerably to his left, and he believing that he was too
far into the street, stepped to the left and fell into the ex-

cavation in question, a depth of 7 feet 3 inches, and sustained serious injuries by which he was rendered incapable of performing any labor for a number of months. The verdict is not too large if the city is liable. The attorneys for the city asked the following instruction, which was refused:

"The jury is instructed that before the plaintiff can recover in this action it is incumbent upon him to show that no negligence of his contributed to the injury, damages for which are claimed herein, and that upon the plaintiff rests the burden of proof of the absence of such contributory negligence."

There is no uniform rule established in regard to the party upon whom rests the burden of proof of contributory negligence. In some of the states it is held that where the plaintiff can prove his case without showing contributory negligence, the burden is on the defendant. In others, that the plaintiff's care is not presumed, and he must disprove contributory negligence. In some of the cases it is held that there is no presumption as to care, or the want of it; and that if the facts show a duty of care, the plaintiff must give some evidence that he exercised it, otherwise not. The question is presented to this court for the first time.

In *Randall v. N. W. Tel. Co.*, 54 Wis., 140 (11 N. W. R., 419), it was held that contributory negligence was purely matter of defense, citing *Milwaukee R. R. Co. v. Hunter*, 11 Wis., 160. *Hoyt v. Hudson*, 41 Id., 105. *Prideaux v. Mineral Point*, 43 Id., 524. *Bessex v. R. R. Co.*, 45 Id., 477. And this seems to be the rule of the United States courts. *R. R. Co. v. Gladmon*, 15 Wall., 401. *I. R. R. Co. v. Horst*, 93 U. S., 291. See also *Kelly v. C. & N. W. R'y Co.*, 19 N. W. R., 521.

The New York rule seems to be, that if the evidence shows the plaintiff's presence or conduct, or that of his servant or agent, to have been involved in the disaster or

its causes, then he must disprove contributory negligence. Abbott's Tr. Ev., 596.   See the New York cases cited in 18 Albany Law Journal, 144, 164, 184; and this rule is recognized in Massachusetts.   *Parker v. Lowell*, 11 Gray, 353.

In Pennsylvania it is held that contributory negligence is matter of defense, and ordinarily the burden of proving it is on the defendant.   *Mallory v. Griffey*, 85 Penn. St., 275.   *Penn. Canal Co. v. Bentley*, 66 Id., 30.   *Penn. R. R. Co. v. McTighe*, 46 Id., 316.   *Beatty v. Gilmore*, 16 Id., 463.   And in Vermont.   *Hill v. New Haven*, 37 Vt., 501. *Lester v. Pittsford*, 7 Id., 158.   And the same rule prevails in New Jersey.   *Durant v. Palmer*, 4 Dutch., 544.   There are many other cases, both in support of and against the rule, to which we need not now refer.   In view of the conflict in the authorities we are compelled to adopt such rule as may seem most consonant with justice.   This being so, there certainly is no presumption that the plaintiff was negligent; we therefore hold the rule to be that if the plaintiff can prove his case without showing contributory negligence, it is a matter of defense to be proved by the defendant.   Abbot Trial Ev., 595, and cases cited.

There is nothing in the testimony on behalf of the plaintiff tending to show that he was guilty of contributory negligence.   The burden of proof of that fact, therefore, was on the defendant.   The court did not err, therefore, in refusing to give the instruction in question.   And no contributory negligence being shown, the plaintiff was entitled to recover for his injuries if the proper precautions were not taken to prevent persons passing along the temporary sidewalk adjoining the excavation from falling into it.   As to the liability of the city in such case there is no doubt.

In *Palmer v. Lincoln*, 5 Neb., 136, it was held that where the obstruction results directly from the acts which the contractor is required to do, the person who employs

him is equally liable for the injury.  *Robbins v. Chicago,*
4 Wall., 679.  *Storrs v. Utica,* 17 N. Y., 108.  *Scammon v.
Chicago,* 25 Ill., 424.  That is, where the contract itself
requires the performance of a work intrinsically danger-
ous, however skillfully performed, the party authorizing
the work is regarded as the principal.  Dillon on Mun.
Cor., § 792.  And any person traveling in a public street
has a right to be absolutely safe, if he exercise ordinary
care, against all accidents arising from obstructions or im-
perfections in the street.  If a person is authorized by the
proper authorities to make an excavation in the street, he
is bound at his peril to protect the same, and keep it prop-
erly guarded.  He must have the walk or street in as safe
a condition as it would be if the excavation had not been
made.  The city cannot exempt itself from liability result-
ing from the unsafe condition of the streets, and has no
authority to authorize another to make them unsafe.  *Ir-
vine v. Wood,* 4 Robt., 138.  *Cosgrove v. Morgan,* 18 N.
Y., 84.  *Hart v. Mayor,* 9 Wend., 607.  *Dygert v. Schenk,*
23 Wend., 446.

In the case last cited the defendant dug a raceway across
the highway on his own premises to conduct water, and
erected a bridge over the race.  The plaintiff's horse fell
through by the breaking of a plank, and was injured.
The court say (page 447): "All the public could require
was that he should make and keep the road as good as it
was before he dug the ditch.  That he accomplished by
building a substantial bridge originally, which did not get
out of repairs for a number of years.  The road, however,
in the end proved to be less safe that it was when the
bridge was first built, certainly less so than before the
ditch was dug.  In suffering this the defendant came
short of his obligation to the public," etc.  *Robbins v.
Chicago,* 2 Black., 418.  Wood on Nuisance, 276–277, and
cases cited in notes.  We have no doubt of the liability
of the city in such case.  We see no error in the instruc-

tions of the court, and it is evident that substantial justice has been done.

The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.