DAVID F. ANDERSON, ADMR., v. CHICAGO, B. & Q. R. Co.

[FILED JUNE 30, 1892.]

| 35 | 95 |
| 41 | 625 |
| 35 | 95 |
| 45 | 442 |
| 35 | 95 |
| d46 | 8 |
| 35 | 95 |
| 48 | 68 |
| 35 | 95 |
| 58 | 676 |
| 35 | 95 |
| 58 | 5 |

1. **Negligence Causing Death:** CONTRIBUTORY NEGLIGENCE: BURDEN OF PROOF. Where, in an action for damages against a railroad company for wrongfully causing the death of plaintiff's intestate, the plaintiff proves his case without disclosing any negligence on the part of his intestate, contributory negligence is a matter of defense, and the burden of establishing it is on the defendant.

2. ———: ———: ERROR WITHOUT PREJUDICE. A verdict against the defendant in such an action will not be reversed on application of plaintiff, because of the giving of an erroneous instruction to the jury on the question of contributory negligence, its giving being error without prejudice.

3. ———: MEASURE OF DAMAGES. In case of a verdict in favor of the plaintiff, he is entitled to recover such a sum as the jury may deem from the evidence a fair and just compensation to the next of kin, for the pecuniary loss sustained by them, resulting

from the death which is made the basis of the suit, not exceed-
ing the statutory amount.

4. ———.  *Held*, The evidence sustained a verdict for nominal dam-
ages.

ERROR to the district court for Nuckolls county.   Tried
below before MORRIS, J.

*G. M. Lambertson*, for plaintiff in error:

The court erred in giving the first instruction (*Lincoln
v. Walker*, 18 Neb., 244; *Hough v. R. Co.*, 100 U. S.,
213), and in giving the third instruction.   As to the
fourth instruction : *Johnson v. R. Co.*, 18 Neb., 699 ; 3
Sutherland, Damages, 182; *Chicago v. Scholten*, 75 Ill.,
468; *McIntyre v. R. Co.*, 37 N. Y., 287 ; *R. Co. v. Kirk*,
90 Pa. St., 15; *R. Co. v. Barron*, 5 Wall. [U. S.], 90;
*Grotenkemper v. Harris*, 25 O. St., 510 ; *Penn. R. Co. v.
McCloskey*, 110 Pa. St., 436.   The damages are inade-
quate.  The petition states a cause of action. (*Baltimore R.
Co. v. Rowan*, 3 N. E. Rep. [Ind.], 627 ; *Hough v. R. Co.*,
100 U. S., 224; *Kane v. R. Co.*, 128·Id., 94; *Dist. of Col.
v. McElligott*, 117 Id., 621; *N. P. R. Co. v. Hurbert*, 116
Id., 642 ; *Hosic v. R. Co.*, 75 Ia., 683 ; *Conners v. R. Co.*,
74 Id., 383; *R. & D. R. Co. v. Norment*, 84 Va., 167;
*Fredenburg v. R. Co.*, 114 N. Y., 582 ; *Plank v. R. Co.*,
60 Id., 607 ; *Busby v. R. Co.*, 107 Id., 374; *Johnson v.
R. Co.*, 18 Neb., 699.)

*T. M. Marquett & J. W. Deweese, contra*, cited, as to the
first instruction : *C., C., C. & I. R. Co. v. Elliott*, 28 O. St.,
352; *City of Lincoln v. Walker*, 18 Neb., 248; *R. Co. v.
Coates*, 15 Am. & Eng. R. Cas. [Ia.], 265; *Parish v. State*,
14 Neb., 67; *S. C. & P. R. Co. v. Finlayson*, 16 Id., 578 ;
*Gray v. Farmer*, 19 Id., 71 ; *Bartling v. Behrends*, 20 Id.,
215; *Campbell v. Holland*, 22 Id., 607.   As to the third
instruction : *Dist. of Col. v. McElligott*, 117 U. S., 621;
*Hough v. R. Co.*, 100 Id., 234; *Gibson v. R. Co.*, 63 N.

Y., 449. The measure of damages is not the value of a life but the pecuniary loss of the next of kin. (*Gröten-kemper v. Harris*, 25 O. St., 510; *Johnson v. R. Co.*, 18 Neb., 700; *N. Chicago Rolling Mills v. Morrissey*, 18 Am. & Eng. R. Cas., 47; *C., B. & Q. R. Co. v. Sykes*, 96 Ill., 173; *R. Co. v. Coates*, 15 Am. & Eng. R. Cas., 265; *Steel v. Kurtz*, 28 O. St., 199; *Van Brunt v. R. Co.*, 44 N. W. Rep. [Mich.], 323; *Clifton v. Lanning*, 61 Mich., 359.) The amount of damages to be recovered is peculiarly within the judgment and discretion of the jury. (*Johnson v. R. Co.*, 18 Neb., 699.) The contributory negligence of deceased, as shown by the testimony in this case, prevents a recovery. (*Brice v. R. Co.*, 38 Am. & Eng. R. Cases [Ky.], 38; *N. Cent. R. Co. v. Husson*, 12 Id. [Pa.], 241; *Hathaway v. R. Co.*, Id. [Mich.], 249; *A., T. & S. F. Co. v. Plunkett*, 2 Id. [Kan.], 139; *Day v. R. Co.*, 2 Id. [Mich.], 126.)

NORVAL, J.

This action was brought by David F. Anderson, as administrator of John Mossholder, deceased, against the Chicago, Burlington & Quincy Railroad Company for damages for negligently causing the death of plaintiff's intestate. Verdict and judgment for the plaintiff for the sum of $1, to reverse which plaintiff brings the cause here on error.

It appears that the intestate was, on November 7, 1887, in the employment of the defendant as brakeman on a freight train on the line of road from Wymore to Superior. At Wymore the train was made up, and contained, among others, a flat car loaded with long bridge timbers, some of which on one side projected over the end of the car a sufficient distance to strike against the end of the box car next to it. When the train reached Strang some of the cars were uncoupled and set out and others were taken in. Mossholder, while attempting to couple the flat car before mentioned to a box car was caught between the projecting

timbers and the box car and killed. Plaintiff insists that the car was loaded in such a manner as to endanger the lives of the employes, and that the defendant was negligent in placing it in the train and requiring the deceased to make the coupling. Defendant admits the accident and death of the intestate, but denies that its employes were negligent, and alleges that Mossholder was guilty of contributory negligence.

Complaint is made of the giving of certain instructions, and that the damages assessed by the jury are inadequate. The first and third instructions given at the request of the defendant are as follows:

"1. In this case the plaintiff, as administrator of the estate of John Mossholder, deceased, seeks to recover damages from the defendant on account of the death of said Mossholder, claiming that said death was caused by the negligence of the defendant, and that said Mossholder was free from negligence. The fact that said Mossholder was killed while coupling cars is admitted, but the defendant denies that his death was caused by the negligence of the defendant, and alleges that it was the result of the carelessness and negligence of the deceased himself. The burden of proof is upon the plaintiff to establish these two propositions of fact:

"First—That the deceased came to his death on account of the negligence of the said railroad company.

"Second—That the deceased himself was not guilty of carelessness or negligence, which caused or contributed to the accident and death. The jury are therefore instructed that unless you are satisfied, by a preponderance of the testimony, of the truth of both these propositions, then the plaintiff will not be entitled to recover, and your verdict should be for the defendant.

"3. The claim is made in this case that the cars were improperly loaded, or that they were received by the defendant, and hauled over its road after they were improp-

erly loaded with timbers.   If you believe this to be true,
then you will determine from the evidence:

"First—Whether the manner of loading complained of
was the usual and customary way of loading and hauling
such cars and timbers.

"Second—Whether the deceased knew of this manner
of loading and hauling, or by proper care and attention to
his business might have known of it.

"The court instructs you that if the loading of this car,
or the receiving and hauling of it, by the defendant was
the usual and customary manner of doing the business, and
the deceased knew or might by proper care and attention
have known of it, then the plaintiff cannot recover for
negligence and neglect of company in hauling a car thus
loaded, if you shall find same was negligence."

It is claimed that the first of these instructions misstated
the rule as to the burden of proof upon the question of con-
tributory negligence.   That instead of the plaintiff being
obliged to prove that the deceased was free from fault, the
burden rested upon the defendant to establish that the intes-
tate was guilty of contributory negligence.   The same
point was considered by this court in the case of *City of
Lincoln v. Walker*, 18 Neb., 244, where, after a considera-
tion of the conflicting authorities, it was ruled that when
the plaintiff makes out his case without showing negligence
on his part, contributory negligence is a matter of defense,
and the burden of establishing it is on the defendant.   The
instruction under consideration conflicts with the rule laid
down in the case to which reference has been made, and
should not have been given.

As to the third instruction, for the purposes of this case,
it may be conceded that it was erroneous.   But that is not
sufficient ground for a new trial.   Plaintiff was in no
manner prejudiced on the trial of the cause by the giving
of either of these instructions, for the reason that the jury
found in his favor upon every issue.   They found that the

accident was the result of the negligence of the defendant and that the deceased was not at the time guilty of carelessness or negligence that contributed to his death. This would have been their finding, had the charge of the court on that subject been never so favorable to the plaintiff.

Objection is made to the fourth paragraph of the charge relating to the measure of damages, which reads as follow:

"The court instructs the jury as to the measure of damages, that if you find for the plaintiff the law allows no punitive damages, but only compensatory damages, that is, compensation to the next of kin for the pecuniary loss sustained by the death of their relative. These perhaps are in their nature uncertain and indefinite, for if the deceased had lived they might not have been benefited, and if not, then no pecuniary injury would have resulted to them from his death. It is difficult to get at the pecuniary loss with precision and accuracy, but, taking all the facts and circumstances of the case into consideration, you are, according to your deliberate judgment, to determine whether the parties for whose benefit this action was brought have suffered any pecuniary injury, and if so, you are to assess such damages as you shall deem fair and just, remembering that it is only the pecuniary value of the life of the deceased to his next of kin, that is, the pecuniary value they would have derived had his life not been terminated, that constitutes their claim for damages on account of his death."

It is claimed that the vice in this charge consists in the court limiting the plaintiff's recovery to the pecuniary loss sustained by the next of kin, resulting from the death of intestate. Counsel for plaintiff insists that the measure of damages is the value of the life of the deceased. In considering the question it is important to keep in mind the provision of the statute of this state relating to actions for damages for the death of the person caused by the wrongful act or neglect of another.

Section 2, chapter 21, Compiled Statutes, provides:

"That every such action shall be brought by and in the name of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries, resulting from such death, to the wife and next of kin of such deceased person, not exceeding the sum of five thousand dollars," etc.

Under these provisions, in actions like this, the plaintiff is entitled to recover such an amount of damages as the jury may deem from the evidence a fair and just compensation to the next of kin, having reference only to the pecuniary loss resulting from the death which is made the foundation of the suit. The damages are not to be estimated by the value of the life lost, but such a sum as the proof shows will compensate the next of kin for the pecuniary injury which they have sustained by such death. This is the rule adopted by the courts of other states under statutes similar to our own. (*Grotenkemper et al. v. Harris*, 25 O. St., 500; *Steel v. Kurtz*, 28 Id., 199; *C., B. & Q. R. Co. v. Payne*, 56 Ill., 534; *Rafferty v. Buckman*, 46 Ia., 195; *Meynning v. R. Co.*, 59 Mich., 262; *Van Brunt v. R. Co.*, 44 N. W. Rep. [Mich.], 321.)

The court, in the case at bar, correctly stated the rule of damages. The instruction was doubtless copied from the one given in *Grotenkemper v. Harris, supra,* which was approved by the supreme court of Ohio.

The only other error assigned relates to the amount of damages. Did the proofs justify the jury in fixing the amount they did? It is in evidence that deceased, at the time of his death, was an unmarried adult about twenty-

two years of age. Neither his father nor mother were living. There were surviving the deceased eleven brothers and sisters, all of whom but two had reached their majority and the most of whom were married. The deceased was addicted to the use of intoxicating liquors and was careless in his work. At the time of his death he was receiving the sum of $45 per month, but prior to his engagement with the defendant he received only $15 per month. The testimony fails to show that he saved his earnings, or that he had been in the habit of making contributions from his own means for the maintenance and support of any of his brothers and sisters, or that they were in any manner dependent upon him. True, he at one time sent $15 to his sister Dolly while she was in Wyoming, but for what purpose does not appear. The jury would not have been justified in assessing damages not founded upon the testimony. Under the proof they were warranted in inferring that the next of kin were not pecuniarily injured by the death of the intestate, hence plaintiff was only entitled to recover nominal damages. Upon the whole record we are satisfied that no error prejudicial to the rights of the plaintiff has been committed. The judgment is therefore

AFFIRMED.

THE other judges concur.