CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY v. WILLIAM C. PUTNAM.

FILED JUNE 18, 1895. No. 6177.

1. **Negligence:** PERSONAL INJURIES: PLEADING. In an action to recover damages for personal injuries, alleged to be caused by the negligence of another, it is not necessary for the plaintiff, in his petition, to plead the particular precautions he took to avoid injury.

2. ———: INSTRUCTIONS. In such an action, where the court correctly instructs the jury as to what constitutes negligence and contributory negligence, it is not, in general, erroneous to refuse

instructions directing the attention of the jury to special facts
in the case, as demanding greater care than usual.

3. **Damages for Personal Injuries.** Evidence examined, and
*held* to sustain the verdict.

ERROR from the district court of Lancaster county.
Tried below before HALL, J.

*T. M. Marquett, J. W. Deweese,* and *J. A. Kilroy,* for
plaintiff in error.

*Adams & Scott, contra.*

IRVINE, C.

Putnam was at work on a public highway which crossed
the tracks of the railroad company.   He, with others, was
engaged in operating a grading machine propelled by
twelve horses.   He attempted to cross the track of the rail-
road with that machine, for the purpose of turning it,
when a train approaching collided with the machine and
horses, throwing the plaintiff to the ground in such man-
ner that, in the language of the petition, plaintiff was
"tramped upon, injured, and bruised by said locomotive
and cars, and said horses and plow."   He sued the railroad
company for the personal injuries so received, alleging that
the company was negligent in running a special train out
of the usual time, at a high rate of speed, and without
giving any signal of its approach to the crossing.   He re-
covered a verdict and judgment for $200, which the rail-
road company seeks to reverse.

The first contention is that the petition did not state a
cause of action, and this contention is based upon the propo-
sition that the petition does not disclose by specific facts
pleaded that the plaintiff was himself in the exercise of due
care.   It is the established law of this state that where the
plaintiff proves his case without disclosing negligence on
his part, contributory negligence is a matter of defense, the

burden of proving which is on the defendant. (*Anderson v. Chicago, B. & Q. R. Co.*, 35 Neb., 95; *City of Lincoln v. Walker*, 18 Neb., 244.) If this is true, it follows that unless the plaintiff, by the facts which he pleads, disclose contributory negligence, the defendant by proper pleading must raise the defense. The plaintiff in this case alleged generally that the injury was inflicted upon him without any fault upon his part. This was sufficient. He was not required to plead affirmatively the particular precautions he took, because under the rulings referred to he was not obliged affirmatively to prove them. It was just as much necessary for the railroad company, to make out this defense, to plead affirmatively the facts constituting contributory negligence on the part of the plaintiff, as it was for the plaintiff to plead negligence on the part of the company.

Error is assigned on the refusal of the court to give a number of instructions requested by the company. One of these was a peremptory instruction to find for the defendant, because contributory negligence was shown. We shall consider this subject later. One was a general instruction to the effect that if the plaintiff was negligent in going upon the crossing without looking for approaching trains, then he could not recover. This point was covered by a proper instruction on the question of contributory negligence given by the court of its own motion. All the other instructions requested were specific instructions in regard to the degree of care to be exercised under certain circumstances. A fair sample of these instructions is one to the effect that if the approach to the crossing was obstructed, it was all the more the plaintiff's duty, because of that fact, to ascertain before going upon it whether a train was approaching. It is not always erroneous, and it is sometimes quite proper, for the trial court to direct the attention of the jury to special features of the case which might affect the judgment of a man of ordinary prudence and govern his conduct. But it is doubtful whether error

could be predicated upon the refusal of the court to give such an instruction in any case where by other instructions the test of negligence is properly defined. It has been over and over again decided by this court that even where the facts are undisputed, questions of negligence and contributory negligence are for the jury, where different minds may reasonably draw different conclusions upon the subject. The court here left these questions to the jury, under proper instructions as to what constitutes negligence and contributory negligence, and when the court had told the jury, as it did, that negligence was the absence of such care, forethought, and prudence as, under the circumstances surrounding the case, duty required should be given or exercised, that the statute required the giving of certain signals in approaching the crossing, and that the jury should determine whether the accident was caused by negligence of the railroad company in failing to give such signals; and further, that the plaintiff was required in crossing to use such care as persons of ordinary intelligence and prudence would exercise under like circumstances, this was as far as the court was required to go, and no error was committed in refusing to instruct more specifically. If the instructions asked could have been given without error, it would only be because the facts stated in them left the inferences so free from reasonable doubt that the province of the jury was not interfered with. It is argued that the verdict is not sustained by the evidence, because the uncontradicted evidence disclosed contributory negligence on the part of the plaintiff. This argument is based largely upon the proposition that he did not, before attempting to cross, look along the track for approaching trains. It is not necessary to inquire whether in all cases, or in this particular case, the failure to look for trains before attempting to cross would present a state of facts so conclusive of negligence as to bar a recovery, because the plaintiff testified that before crossing he did look, and saw no train. Under all the

evidence in the case, we think the court was justified in submitting it to the jury, and in refusing to set aside the verdict.

JUDGMENT AFFIRMED.