OMAHA STREET RAILWAY COMPANY v. WALTER I. MARTIN.

FILED APRIL 10, 1896. No. 6374.

| 48 | 65 |
|----|----|
| 58 | 401 |

| 48 | 65 |
|----|----|
| 62 | 363 |

1. **Negligence:** CONTRIBUTORY NEGLIGENCE: BURDEN OF PROOF. In an action, the basis of which is negligence, if the plaintiff can prove his case without disclosing any negligence on his own part, his

9

negligence then becomes a matter of defense, the burden of proving it being on the defendant. *Union Stock Yards Co. v. Conoyer,* 41 Neb., 617, and cases there cited, followed.

2. ——: QUESTION FOR JURY. When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury; but where the facts are such that all reasonable men must draw the same conclusion from them, the question of negligence is one of law for the court.

3. ——: ——: PERSONAL INJURIES. Whether the act of a party in attempting to board a moving street car is negligence or not is generally a fact to be determined by the jury, taking into consideration all the circumstances in evidence in the case.

4. ——: EVIDENCE: QUESTION OF LAW. It is for the court to say what act or omission is evidence of negligence, but generally it is for the jury to say whether the evidence establishes negligence.

5. ——: CAUTION. The law requires every reasonable man to exercise caution commensurate with the obvious peril with which he is confronted, but this means no more than that he is under all circumstances required to exercise ordinary care.

6. ——: DAMAGES. Although a party may have negligently exposed himself to an injury, yet, if the defendant after discovering his exposed situation negligently injures him, or is guilty of negligence in not discovering his dangerous position until too late, and the plaintiff is because thereof injured, he may nevertheless recover.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.

*John L. Webster,* for plaintiff in error.

*George W. Cooper, contra.*

RAGAN, C.

Walter I. Martin sued the Omaha Street Railway Company in the district court of Douglas county for damages which he alleged he had sustained by reason of the negligence of the employes of that company while attempting to board one of its cars. Martin had a verdict and judgment and the street railway company prosecutes to this court a petition in error.

1. Martin in his petition alleged that the servants of

the railway company negligently failed to stop its train of cars at the usual stopping place a reasonable and sufficient length of time to permit him to safely get on the cars; "and just as plaintiff was in the act of ascending the steps of the   *   *   *   back car of said train defendant's * * * servants * * * then in charge of * * * said cars   *   *   *   did so negligently and carelessly manage said train of cars   *   *   *   that said cars were suddenly and rapidly and without notice or warning to plaintiff started forward   *   *   *   thereby violently throwing plaintiff to and upon the surface of the street and under said moving car." The street railway company in its answer, among other things, alleged: "That said plaintiff negligently and carelessly endeavored to board said train while it was in motion, instead of waiting for the same to come to a stop;   *   *   *   that said plaintiff in so endeavoring to board said train while in motion slipped and fell and so was injured." On the trial Martin himself testified as follows: "I took up my grip when I went to signal the car—the motorman in charge of the car. I come over to the track, and when the front car got along it was going a little too fast to board and I stepped out, and when the rear car came—the front end of the rear car came along—the almost stopped, just about stopped; and I took hold of the hand-rail and put my foot on the step and was raising myself up to put my right foot up the next step and there was a sudden jerk and it threw me on the street." The conductor of the car which Martin in attempting to board was hurt testified as follows: "Well, sir, I noticed the motorman applying his brake and I looked over and saw a man standing there, so I applied my brake to let a man off the train. At that time it was going a little slow, because we were going down grade, anyway, and the first thing I saw was when he got to about the corner I saw Mr. Martin. I saw a man with a package.   *   *   *   As we slowed up to let him on, the train came nearly to a perfect stand-still. Mr. Martin—I didn't know what his name was at that

time—he caught hold of the front end of the trailer with his right hand and I saw then he couldn't get a good foothold with his left foot; got a foot-hold with his right foot; and I noticed that and made a grab for him and he slipped."

The first assignment of error argued in the brief is directed to the refusal of the district court to give certain instructions requested by the street railway company, and it is insisted that the court erred in refusing to give these instructions, as they embodied the law of the case applicable to the testimony given in support of its theory of the accident. The first of these instructions is as follows: "The jury are instructed that the plaintiff cannot recover in this action unless he satisfied you by a preponderance of evidence that the injuries received by him resulted from the negligence of the defendant company, and that the plaintiff was free from fault in the premises." The court did not err in refusing to give this instruction. It was not incumbent upon the plaintiff to prove by a preponderance of the evidence that his injury was not the result of negligence on his part. If Martin proved by a preponderance of the evidence that he was injured, and that his injury was the result of the negligence of the street railway company, and, in making these proofs, it was not disclosed that his injury was the result of his negligence, he made out his case. He was not required to prove by a preponderance of the evidence the negative proposition that his injury was not the result of his negligence. See *Union Stock Yards Co. v. Conoyer*, 41 Neb., 617, where the rule laid down in *Anderson v. Chicago, B. & Q. R. Co.*, 35 Neb., 95, is quoted with approval, the rule being as follows: "In an action for negligence, where the plaintiff can prove his case without disclosing any negligence on his part, contributory negligence is a matter of defense, the burden of proving it being on the defendant."

The second instruction is as follows: "The jury are instructed that if you find from all the evidence that the

accident to the plaintiff was caused or brought about by
his attempt to get on board the train while the train was
being brought to a stop, but before the train had come to
a full stop, then he was guilty of contributory negligence
and cannot recover and your verdict should be for the
defendant." This instruction the court did not err in
refusing to give.   It was not for the court to say whether
or not Martin was guilty of negligence in attempting to
board this train while it was moving.   The court might
have properly told the jury that if Martin attempted to
step on the train while it was in motion, that that was
evidence tending to prove negligence, but it was for the
jury to say what the effect of that evidence was.   *Omaha
Street R. Co. v. Craig*, 39 Neb., 602, was an action for dam-
ages brought by Miss Craig against the railway company
for injury which she alleged she had sustained through
the negligence of that company in not bringing the car
to a stand-still when she was about to alight therefrom.
The railway company's theory of the accident was—and
its evidence tended to support it—that Miss Craig's in-
jury was caused by her stepping from the car while it
was in motion to the platform or foot-board thereof, and
not holding to the uprights at the ends of the seats.   The
eminent counsel who makes the argument for the street
railway company in the case at bar, in the Craig case
pressed this court to decide as a matter of law that if
Miss Craig stepped from the car while in motion and was
thereby injured, that this act raised against her a conclu-
sive presumption of negligence.   Answering that argu-
ment the court said: "But we think that Miss Craig's
stepping out on the platform of the car before it came to
a full stop, at the time and under the circumstances, and
her failure to avail herself of the hand-holds on the up-
rights of the seats, were, at most, facts to be submitted
to the jury as evidence tending to show negligence on
her part.   Reasonable men might honestly draw dif-
ferent conclusions as to whether this act or omission
of Miss Craig's was, under the circumstances, negli-

gence, and therefore it was for the jury to say whether the evidence of what she did and what she omitted to do warranted a conclusion of negligence on her part. It is for the court to say what act or omission is evidence of negligence, but it is for the jury to say whether the evidence establishes negligence."

The third instruction refused was as follows: "The jury are instructed that it was the duty of the plaintiff to wait until the train had come to a stop before attempting to get on board the car, and if you find from the evidence that the train was being brought to a stop, and before the train had come to a full stop, the plaintiff attempted to get on the car and in so doing slipped and fell, then the plaintiff cannot recover and your verdict should be for the defendant." What has just been said in reference to instruction No. 2 disposes of the assignment that the court erred in refusing to give this instruction.

The fourth instruction refused was as follows: "The jury are instructed that in determining whether the plaintiff attempted to get on board the train before the train had come to a full stop, you should take into account not only the evidence of the defendant's witnesses, but also such witnesses as were called by the plaintiff, if any, who testified that the train had not come to a full stop when the plaintiff attempted to get on board." This was in effect asking the court to say to the jury: One of the matters being litigated here is whether Martin attempted to board the train while it was in motion. The defendant's witnesses and some of Martin's witnesses have testified that he did. You should consider the evidence of all these witnesses. It was the duty of the jury to consider all the evidence of all the witnesses. The jury was sworn to try the case according to the evidence, and we will not presume they did not, but we do not think the district court was under any obligation—if, indeed, such a course would have been proper—to single out one point being litigated and say to the jury: All the

witnesses on one side of the case have testified that a certain thing was done, and part of the witnesses on the other side have testified that this thing was done, and you should consider the evidence of these witnesses. This would have been not only to give too much prominence to one point being litigated, but to tell the jury to consider only the evidence directed to one side of the matter in dispute.

The fifth instruction refused, of which complaint is made, was as follows: "The jury are further instructed that the fact that the plaintiff was carrying a package as described by himself and other witnesses, was a circumstance requiring upon his part a higher degree of care while attempting to get on board the train than if he had not been burdened or incumbered by such package." The plaintiff was required to exercise ordinary care and nothing more. The law requires every reasonable man to exercise caution commensurate with the obvious peril with which he is confronted, but this means no more than that he is under all circumstances required to exercise ordinary care, the danger and his knowledge thereof considered. (*City of Beatrice v. Reid*, 41 Neb., 214.)

2. It is next argued that the court erred in giving to the jury instruction No. 8, as follows: "You are further instructed that if you find that plaintiff attempted to board the train while carrying a bundle in one hand, and after it had passed over the street intersection and while the train was in motion, and at the point where it was the duty of defendant's employes to bring the train to a stop, as hereinbefore explained to you, and you further find that plaintiff received the injury complained of by reason of his attempting to board the train while in motion, such act on the part of plaintiff would constitute contributory negligence on his part, as it was his duty not to attempt to board the train while it was in motion, carrying in one of his hands a bundle, and he could not recover in this action unless you further find that an ordinarily cautious and prudent man, situated as plaintiff

was, would under like circumstances have attempted to board the car; or that defendant's employes, by the exercise of ordinary care, could have avoided the injury after discovering the danger, if you find they did or could have discovered the danger by the exercise of ordinary care. In determining whether defendant's employes exercised ordinary care to avoid the injury after discovering the danger, should you find that they did discover the danger, and should you find that plaintiff by his own negligence contributed to the accident which produced the injury complained of, you will take into account and give due consideration to the fact, if you find such fact has been proven, that the conductor and motorman used every effort and all the means within their power to stop the train and avoid the injury to plaintiff by applying the brakes, making an effort to catch the plaintiff to prevent his falling, if such facts have been proven, the position the train was in with reference to grade and speed, and all other facts you find disclosed by the testimony bearing upon that question." We think this instruction was erroneous, but the street railway company cannot complain of it. It was not prejudicial to it, but Martin. One criticism of counsel is directed to that part of the instruction quoted in which the court told the jury, in effect, that if they should find that Martin had negligently exposed himself to danger, yet he might recover if the railway company, after discovering his danger, inflicted the injury upon him because of its failure to exercise ordinary care. This instruction was correct. (See *Union P. R. Co. v. Mertes*, 35 Neb., 204; *Chicago, B. & Q. R. Co. v. Grablin*, 38 Neb., 90; Shearman & Redfield, Negligence, sec. 25.) But counsel says that the instruction was erroneous because not applicable to the facts in evidence in the case: (1) Because the evidence did not show that Martin had placed himself in a position of danger. The evidence introduced in behalf of the railway company all tended to show that Martin attempted to board this train while it was in motion, and we think it a matter of

common sense that a person when about to step on or off a moving train is in a situation of danger. The second argument is that the instruction was not applicable, because the evidence does not disclose that the railway company knew that the plaintiff Martin was in danger. We have already quoted the evidence of the conductor of the train to the effect that Martin attempted to step on the train while it was in motion, and that he, the conductor, saw that he was about to fall and that he attempted to catch him. Another criticism made to this instruction is that part of it by which the court told the jury that the railway company would be liable for Martin's injury if, after discovering his danger, they failed to exercise ordinary care, or if they did not discover his danger because of its failure to exercise ordinary care; in other words, the argument is that the railway company was only bound to exercise ordinary care after it discovered Martin's danger; and that its employes were under no obligation to observe Martin or his conduct until they found him in a dangerous situation. Under the circumstances in evidence in this case we do not think the court erred in telling the jury that the railway company would be liable for Martin's injury if it failed to exercise ordinary care after discovering his dangerous situation, or if, through its want of ordinary care, it failed to discover his dangerous situation until too late. The evidence is undisputed that Martin signalled the train to stop; that the conductor and the motorman saw him and slowed the train down, and that he had a grip in his hand, and that he was intending and attempting to board the train. Under these circumstances it was incumbent upon the employes of the railway company to know that Martin was on the train before they started it. *Chicago, B. & Q. R. Co. v. Grablin*, 38 Neb., 90, was an action by Grablin, as administrator, against the railway company for negligently, as he alleged, causing the death of his child while trespassing on the railway company's track. The railway company requested the trial court to instruct the

jury as follows: "You are instructed  \*  \*  \*  if you find that the negligence of the boy in going upon the track caused or contributed to the injury, you must find a verdict for the defendant, unless you further find that the company or its servants were willfully or recklessly negligent after the boy was discovered, or that the engineer willfully avoided seeing the boy on the track sooner than he did see him." The refusal of the district court to give this instruction was assigned here as error, but the court sustained the action of the trial judge and held that if the engineer could, by exercising such vigilant and careful lookout as was consistent with his other duties as engineer, have seen the boy in time to save him, then his neglect to exercise such careful and vigilant lookout was negligence. These are the only assignments of error which we deem it necessary to notice. The judgment of the district court is in all things right and is

AFFIRMED.