SOPHIA RAPP V. SARPY COUNTY.*

FILED MARCH 17, 1904. No. 13,428.

Burden of Proof. The burden of sustaining the affirmative of an issue involved in an action, does not shift during the progress of the trial, but is upon the party alleging the facts constituting the issue, and remains there until the end.

ERROR to the district court for Sarpy county: GEORGE A. DAY, JUDGE. *Reversed.*

*H. Z. Wedgwood,* for plaintiff in error.

*W. R. Patrick, contra.*

AMES, C.

In an action against a county for negligently permitting a highway to become and remain out of repair, causing a personal injury to the plaintiff, a traveler thereon, the answer, besides a general denial, pleaded contributory negligence. The court gave the following instruction, which was excepted to:

* Rehearing allowed. See opinion, p. 385, *post.*

"The defendant has also pleaded contributory negligence on the part of plaintiff as a defense to this action. The burden of proving contributory negligence, by a preponderance of the evidence, rests upon the defendant, and, unless the defendant has so proved it, this defense is of no avail; but if the plaintiff's own testimony tends to show that she was guilty of any carelessness, which caused or aided in causing the injury complained of, then the burden of proof shifts, and it devolves upon the plaintiff to satisfy you, by a preponderance of the evidence, that she was not guilty of contributory negligence."

There was a verdict for the defendant. The instruction is palpably erroneous. It is a rule, as well of law as of logic, and one which, humanly speaking, is indispensable to the right decision of any controversy whatever, that the burden of proof, or of argument, rests upon him who maintains the affirmative of an issue. Not only so, but it abides with him continuously from the opening of the debate until its close. In certain instances, deficiencies of otherwise incomplete proofs are supplied by presumptions more or less conclusive in their nature, but, in such cases, their effect is upon the weight of the evidence required to maintain the issue, not upon the obligation of the party to produce a preponderance of the former. The distinction is of the uttermost practical importance, and courts and law writers ought scrupulously to abstain from the inaccurate and misleading expression that the burden of proof "shifts" during the progress of a trial. Oftentimes, it is true, the use of the term, because of the peculiar circumstances of particular cases, may work no harm; but there is always danger of its doing so, as it may very probably have done in this case, in which the jury were told that, if there was anything in the plaintiff's testimony *tending* to prove that her conduct was negligent, she was burdened with the responsibility of establishing a negative "by a preponderance of the evidence." This could not have been so. If she had admitted that she was negligent, or if her evidence had dis-

closed conduct on her part from which the law conclusively presumes negligence, the litigation would, of course, have been at an end, not because she would have thus assumed the burden of proof, but because she would have furnished the evidence requisite to enable the defendant to meet the requirement, in that regard, which the issue made of him. But the mere fact that her testimony tended to show that she was negligent, if it did so, went no further toward maintaining the issue tendered by the answer, than would have done evidence of equal weight and credibility produced by the defendant. All that can justly be said about it is that the fact that the testimony was her own, it being in the nature of an admission against her own interest, added immensely to its weight and credibility, but, even so, there may have been other evidence in the case tending with equal or greater strength in the opposite direction, and unless, upon the whole record, there was a preponderance showing her negligence, she was not precluded, upon that issue, from recovery. We think there is a practical unanimity among text writers and the better considered decisions to this effect. *Crowinshield v. Crowinshield*, 2 Gray (Mass.), 524; *Heinemann v. Heard*, 62 N. Y. 448; *Scott v. Wood*, 81 Cal. 398, and authorities cited in the opinion. The instruction quoted, which must have been inadvertently given, reversed this rule. If there was evidence in the case, whether in her own testimony or elsewhere, tending to prove that she was guilty of negligence, it was incumbent upon her to rebut it with other evidence of at least equal weight and credibility, of which the jury should have been permitted to judge, but more than this could not have been justly required of her.

It is recommended that the judgment of the district court be reversed and a new trial granted.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.

The following opinion on rehearing was filed January 15, 1905. *Judgment of reversal adhered to:*

1. **Reaffirmed:** BURDEN OF PROOF.   On rehearing former decision adhered to.

2. **Cases Disapproved.**   The cases of *Chicago, B. & Q. R. Co. v. Featherly*, 64 Neb. 323, and *New Omaha Thompson-Houston Electric Light Co. v. Rombold*, 68 Neb. 54, 71, disapproved in so far as opposed to the doctrine in this case.

LETTON, C.

At the argument upon rehearing, our attention has been called to the decisions of this court in *Chicago, B. & Q. R. Co. v. Featherly*, 64 Neb. 323, and *New Omaha Thompson-Houston Electric Light Co. v. Rombold*, 68 Neb. 54, 71. In the *Featherly* case the jury were instructed:

"The establishment of negligence on the part of defendant, by a preponderance of the evidence, is necessary before you can find any verdict for plaintiff, in any event. If you find there was such negligence on the part of the defendant, then the burden of proof is on the defendant to show, by a preponderance of the evidence, the truth of its assertion that John Raley was negligent, and so helped to cause his own injury."

This instruction was held erroneous because the facts showed that the negligence of the deceased directly contributed to the injury, and it is said in the opinion:

"It is the settled rule in this state that, in an action for damages resulting from the alleged negligence of the defendant, when the testimony on behalf of the plaintiff is such as to justify a finding that his own negligence contributed to the injury complained of, the burden of proof is on the plaintiff to show the absence of such negligence on his part." Citing *Durrell v. Johnson*, 31 Neb. 796; *Union*

*Stock Yards Co. v. Conoyer,* 41 Neb. 617; *Omaha Street R. Co. v. Martin,* 48 Neb. 65.

The case was reversed upon the ground that the evidence on the part of the plaintiff justified a finding that his own negligence contributed to the injury, and that therefore the burden of proof was on him to show the absence of such negligence.

In the *Durrell* case it is held:

"The rule stated in *City of Lincoln v. Walker,* 18 Neb. 244, that where the plaintiff has proved his case without disclosing any negligence on his part, the burden of proving contributory negligence is on the defendant, does not apply where the plaintiff's own testimony tends to show contributory negligence." And the following instruction was held erroneous:

"The burden of proof in this action is upon the plaintiff to establish, by competent evidence, every material allegation of his petition. And the defendant in his answer having alleged contributory negligence on the part of the plaintiff, the burden of proof is upon the defendant to establish this allegation by a preponderance of the evidence." The reason given being that the plaintiff had stated facts in his testimony from which the jury could find that his own negligence had contributed to the injury. The court further say that, if the qualification, "unless you find from the plaintiff's own testimony that he was guilty of contributory negligence," had been added to the instruction, it would have been proper. It will be seen that this case affords no support to the doctrine that the burden of proof shifts.

*Union Stock Yards Co. v. Conoyer,* 41 Neb. 617, *Omaha Street R. Co. v. Martin,* 48 Neb. 65, and *Anderson v. Chicago, B. & Q. R. Co.,* 35 Neb. 95, merely hold that, where the plaintiff proves his case, without disclosing any negligence on his part, contributory negligence is a matter of defense, the burden of proving it being on the defendant. So these cases are not in point as to shifting of burden.

In *New Omaha Thompson-Houston Electric Light Co. v. Rombold*, 68 Neb. 54, the jury were instructed:

"Neither negligence nor contributory negligence can be presumed. Whoever alleges that another was guilty of negligence or contributory negligence must establish it by a preponderance of the evidence, or fail in his action or defense." The court say:

"It is claimed that this omits a feature present in this case, namely, that a party's own evidence may show contributory negligence. But by instruction No. 11 the court told the jury: 'If plaintiff's own testimony tends to show that he was guilty of carelessness which caused or aided in causing his injuries, then the burden shifts and it devolves upon the plaintiff to satisfy you by a preponderance of the evidence that he was not guilty of contributory negligence." The court continue: "It seems to be conceded that if these were in one instruction they would together correctly state the law. * * * If their effect, when so taken together, is to correctly submit the issue of contributory negligence, the placing of them in separate paragraphs can hardly have been prejudicial." It will be observed that the court does not pass upon the point now under consideration, but takes it as conceded that the law is correctly stated, hence, this case can hardly be said to announce the doctrine.

From a consideration of these cases, it will be seen that, while it is the settled law in this state that, where the plaintiff makes out his case without disclosing any contributory negligence on his part, the burden of proof is upon the defendant to establish that the plaintiff has been guilty of negligence, still, in only two decisions has it been said that, where the testimony on behalf of the plaintiff is such as to justify a finding that his own negligence contributed to the injury, the burden of proof shifts to the plaintiff to show the absence of such negligence on his part, and in one of these cases the opinion states the point was conceded by the parties.

There has been much confusion caused by a failure to

distinguish between the burden of proof and the weight of evidence. The burden of proof is always upon the party asserting a fact as the basis of his action or defense, and it never shifts during the progress of the trial. The weight of evidence, however, may change according to the necessities of the case in overcoming the evidence introduced by the opposite party. In an action for negligence, where the plaintiff has disclosed facts conclusively showing contributory negligence on his part, he has made no case, and the defendant is entitled to a peremptory instruction at the close of the plaintiff's case. If, however, the facts disclosed by the plaintiff, while tending to show contributory negligence, are not so clear that different minds can not well differ upon the proposition, then the defendant must produce his evidence. If he has pleaded contributory negligence as a defense, the burden is upon him to establish it. To controvert the evidence produced by the dedefendant, together with the facts tending to show contributory negligence which were shown by the plaintiff himself, the plaintiff must furnish sufficient evidence to overcome the weight of the defendant's evidence, as well as that which was disclosed by him tending to show such negligence on his part. In doing this, however, the burden of proof does not shift. The only duty imposed upon the plaintiff in such case is to overcome the weight of evidence, which is then against him upon this point. It is immaterial whether the evidence was furnished partly by himself or all by the defendant; it is a part of the affirmative defense pleaded by defendant, and which the plaintiff must furnish sufficient evidence to balance or overcome.

The cases of *Chicago, B. & Q. R. Co. v. Featherly*, 64 Neb. 323, and *New Omaha Thompson-Houston Electric Light Co. v. Rombold*, 68 Neb. 54, 71, are disapproved in so far as opposed to the doctrine in this case.

For these reasons, we recommend the former decision be adhered to.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is adhered to.

JUDGMENT OF REVERSAL ADHERED TO.

HOLCOMB, C. J., dissenting.

I am persuaded that, in the majority opinion, too much stress is laid on the question of shifting the burden of proof, and too little regard had to the shifting of the court from one position to another, and thus unsettling what, as it seems to me, should be accepted as a settled rule of remedial law in this state. Certainly if a long line of judicial decisions can settle a question, the one under consideration should be regarded as having been set at rest. The doctrine of *stare decisis* appears to me to be altogether ignored or at most to be given but scant consideration. I do not especially object to the rule held to and announced in the majority opinion. I can very readily subscribe to it if the question were an open one. What I protest against is the overturning of so many cases deliberately decided, and by a unanimous court, beginning in the early history of the state's jurisprudence, in order to establish a different rule regarding the merits of which there may exist some doubt. Stability and continuity in judicial decisions require our acceptance of the results worked out in the past by the laborious and zealous efforts of those who were, equally with us, striving to reach correct conclusions and establish sound rules and principles for the guidance of all. Unless these principles and rules, so announced, are so radically wrong as to be productive of more mischief by adhering to them than would result from their overthrow, they should remain undisturbed. Quoting from another, "The conservation and orderly development of our institutions rests on our acceptance of the results of the past, and their use as lights to guide our steps in the future. The fundamental conception of a judicial body is that of one hedged about by precedents

which are binding on the court, without regard to the personality of its members." The majority opinion and the one to which it adheres not only overrule the two cases expressly mentioned but, in effect, overthrow a long line of decisions, the first of which is reported in the 18th volume of the Nebraska reports. The instruction which is condemned was in a case where negligence is alleged as the basis of recovery and is as follows:

"The defendant has also pleaded contributory negligence on the part of the plaintiff as a defense to this action. The burden of proving contributory negligence, by a preponderance of the evidence, rests upon the defendant, and, unless the defendant has so proved it, this defense is of no avail; but if the plaintiff's own testimony tends to show that she was guilty of any carelessness, which caused or aided in causing the injury complained of, then the burden of proof shifts, and it devolves upon the plaintiff to satisfy you, by a preponderance of the evidence, that she was not guilty of contributory negligence."

It is not to be doubted that the expression, "The burden of proof shifts," is inapt and inaccurate. It does not say, however, the burden shifts during the progress of the trial. When considered in the light of the case as made and submitted, it says nothing more than, when the plaintiff's own testimony tends to show that she was guilty of contributory negligence, then she assumes the burden of proving, by a preponderance of the evidence, that the defendant was guilty of the negligence charged, and that she was not guilty of contributory negligence, and this has been the settled law in this state for years. Suppose the instruction had said, the burden of proving contributory negligence was on the defendant, unless the testimony of the plaintiff is of such a character as to justify the jury in finding that her own negligence contributed to the injury. This would be stating the same proposition in another form. It would be a change in form but not in substance. The instruction can not be regarded as misleading or prejudicial, unless the rule heretofore an-

nounced is repudiated, as it is in the majority opinion. We do not have to go far in order to find the reason of the rule. And it is not opposed to any rule of law or logic. It is consistent with both. It is an essential element in pleading negligence, say this court, to plead an injury as the proximate consequence of a specific negligent act or omission of the defendant. *Chicago, B. & Q. R. Co. v. Kellogg,* 55 Neb. 748. If it is essential to aver that the plaintiff was without fault, where is the inconsistency in requiring him to prove the truth of the averment by a preponderance of the evidence, especially when, in making his case, he offers evidence tending to show that he was guilty of contributory negligence? In some jurisdictions it is held, and very properly, that a plaintiff in an action for negligence must, in all cases, allege and prove, not only that the defendant was guilty of the negligence charged, but also that the plaintiff acted with due care—the latter, of course, disproving contributory negligence. This is the rule of common law. This is the reason for requiring the plaintiff to allege that the injury suffered was without fault on his part. Other jurisdictions hold that contributory negligence is purely a matter of defense to be pleaded in the answer, and that the burden of establishing it always rests upon the defendant. Why we should depart from the one position, held to for so long a period, in order to occupy the other, is beyond my comprehension. To be consistent, we ought also to overthrow the long established rule as to the pleadings to which I have adverted. The discussion in the majority opinion relative to the supposed confusion arising from the terms, "the burden of proof," and, "the weight of evidence," does not, in my judgment, help to elucidate matters. Evidence is not weighed in parcels like groceries or drugs. There is no practical way by which to determine where the weight of evidence rests at the different stages of the trial, unless it be of so conclusive a nature as to be ruled upon as a matter of law. The jury does not weigh the evidence by

piecemeal or in parcels. The evidence is weighed only after all has been submitted to the jury in support of, or to controvert, some issue of fact involved in the controversy. After all the evidence relating to any fact in issue has been submitted, it is for the jury to weigh it and announce its verdict. In weighing the evidence, the court declares the rule as to who assumes the burden of proof, that is, which litigant must furnish a preponderance of the evidence on any given allegation of fact in dispute. And if the required preponderance of the evidence has not been furnished, such alleged fact must be resolved against the party upon whom the burden rests. Relative to the question of on whom rests the burden of proof as to contributory negligence, this court, in a well considered and exhaustive opinion, in which the authorities are reviewed and the conflict of decisions noted, has laid down a rule whereby it has occupied what may be termed middle ground as between the rule, that the burden always rests on the plaintiff, and the contrary one, that it is purely a matter of defense. The rule as first announced is that, in an action for negligence, where the plaintiff can prove his case without disclosing any negligence on his part, contributory negligence is a matter of defense, the burden of proving it being on the defendant. *City of Lincoln v. Walker*, 18 Neb. 244. The corollary of the proposition is obvious, and it arises by the application of the rules of both law and logic. If the plaintiff in proving his case offers evidence tending to prove negligence on his part, then the burden of proving contributory negligence would not be on the defendant; and if it is not on the defendant, it having to rest somewhere, must necessarily fall on the plaintiff. This is what the court has said in the later case of *Durrell v. Johnson*, 31 Neb. 796. The judgment in that case was reversed, because the trial court did not do the very thing the trial court in the case at bar did do. In *Durrell v. Johnson*, the trial court instructed the jury that, the defendant having alleged contributory negligence, the burden of proof was upon him to establish

·the allegation by a preponderance of the evidence. This court held the instruction erroneous, and said: Where the testimony of the plaintiff is of such a character as to justify the jury in finding that his own negligence contributed to the injury, it is erroneous to instruct the jury that the burden of proof of such contributory negligence is on the defendant. It is therein held that the rule stated in *City of Lincoln v. Walker, supra,* does not apply, where the plaintiff's own testimony tends to show contributory negligence on his part. This court said the instruction given would have been unobjectionable if there had been added this qualification: "Unless you find from the plaintiff's own testimony that he was guilty of contributory negligence." It is manifest that the instruction, as thus qualified and approved by this court as a correct expression of law, is substantially of the same purport as the one condemned in the case at bar. It thus appears that the court has faced about, and is now condemning what it formerly approved. In *Omaha v. Ayer,* 32 Neb. 375, the rule announced in the *Walker* case, *supra,* was reaffirmed. It is observed in the opinion that there was not such evidence of contributory negligence contained in the testimony of the plaintiff as to throw the burden of proving his contributory negligence upon the plaintiff. Of like import is *Anderson v. Chicago, B. & Q. R. Co.,* 35 Neb. 95, where it is held that, if the plaintiff proves his case without disclosing any negligence on the part of his intestate, contributory negligence is a matter of defense, and the burden of establishing it is on the defendant. The court therein say, the same point was considered by this court in the case of *City of Lincoln v. Walker,* 18 Neb. 244, where, after a consideration of the conflicting authorities, it was ruled that, when the plaintiff makes out his case without showing negligence on his part, contributory negligence is a matter of defense, and the burden of establishing it is on the defendant. In *Union Stock Yards Co. v. Conoyer,* 38 Neb. 488, the rule announced in the *Walker* case was reaffirmed, as it was also in *Omaha Street R. Co.*

*v. Durall*, 40 Neb. 29. In *Chicago, B. & Q. R. Co. v. Putnam*, 45 Neb. 440, it is said: The plaintiff need not plead the particular precaution he took to avoid injury, and that the allegation that the injury was inflicted without fault on his part was sufficient. It is, say the court, the established law of this state that, where the plaintiff proves his case without disclosing negligence on his part, contributory negligence is a matter of defense, the burden of proving which is on the defendant. The rule is reiterated in *Omaha Street R. Co. v. Martin*, 48 Neb. 65. In *Chicago, B. & Q. R. Co. v. Featherly*, 64 Neb. 323, following this long line of decisions, in an opinion concurred in by all the commissioners participating in the opinion, and approved by a unanimous court, an instruction was held erroneous and the cause reversed because, without qualification, the jury were instructed that the burden of proof was on the defendant to show, by a preponderance of the evidence, the truth of its assertion that plaintiff's intestate was negligent, and so helped to cause his own injury. And last of all, as late as March, 1903, by a like unanimous opinion concurred in by the commissioners and approved by the court, two instructions on the subject of the burden of proof on the question of contributory negligence were considered together and held to state the law correctly, which, when so considered, were substantially the same as the one condemned in the case at bar. In one of the instructions the jury were told that, if the plaintiff's own testimony tends to show that he was guilty of carelessness which caused or aided in causing his injuries, then the burden shifts, and it devolves upon the plaintiff to satisfy you, by a preponderance of the evidence, that he was not guilty of contributory negligence. *New Omaha Thompson-Houston Electric Light Co. v. Rombold*, 68 Neb. 54. Such being the rule of law governing the question as to the burden of proof of contributory negligence, which has so often, for such length of time, been affirmed and reaffirmed after the fullest consideration and deliberation by the unanimous action of the court, I can not believe that we

are now justified in overturning what has been so firmly and repeatedly established as the law in this jurisdiction. The doctrine of *stare decisis* applies with full force. "Those things which have been so often adjudged ought to rest in peace."