## CENTRAL BRIDGE CORPORATION *vs.* BENJAMIN F. BUTLER.

In an action to recover tolls, brought by the proprietors of a toll bridge, who have by vote exempted from toll the persons residing on or going to or from certain lands, the burden of proof is on the plaintiffs to prove that the defendant is not so exempt.

In an action to recover tolls, brought by the proprietors of a toll bridge, who have by vote exempted from toll the persons residing on or going to or from certain lands, evidence that a third person had been permitted to pass the bridge without paying toll, to go to certain lands to which the defendant frequently went, is admissible, for the purpose of showing that such lands were included in the vote.

ASSUMPSIT for tolls. Plea, the general issue. Trial in the court of common pleas, before *Hoar*, J. when the plaintiffs introduced evidence that the defendant, who resided in Lowell, and his servants, with horses, carriages and other vehicles, within the time mentioned in the writ, often passed over the plaintiffs' bridge from Lowell to Dracut, without paying the tolls granted to the plaintiffs by law.

The defendant contended that he was not liable to pay toll, because he and his servants passed the bridge on the way to and from the lands named in a vote of the plaintiff corporation, purporting to exempt from the payment of toll certain persons named, and all persons who might thereafter have their homes upon certain lands in Dracut, and all persons, going to or from any of said lands upon the business of any person owning or having his home thereon, and all carriages, &c. going to or from any of said lands upon such business, or for the purpose of conveying any of said persons to or from the lands described.

A witness called by the defendant testified that he and another person had been permitted to pass the plaintiffs' bridge, without paying tolls, to go to the house of Dr. Hildreth, the father-in-law of the defendant, in Dracut, to which it was admitted that the defendant and members of his family frequently went, over the plaintiffs' bridge. The plaintiffs objected to the admission of this testimony; but their objection was overruled.

The plaintiffs asked the judge to rule that the passing of the plaintiffs' bridge by the defendant, without paying toll, being

proved, the burden of proof was upon the defendant to prove that he had a right to pass the bridge without paying toll, and that no such defence was open to the defendant on the general issue. But the judge ruled that the burden of proof was upon the plaintiffs, to prove not only the passing of the bridge by the defendant, but also that he had not the right to do so by virtue of the vote above mentioned.

The jury returned a verdict for a part only of the plaintiffs' claim ; and the plaintiffs alleged exceptions.

*B. Dean,* for the plaintiffs. The exemption claimed by the defendant is merely an exception to the general rule, by which all persons crossing the plaintiffs' bridge are liable to pay toll ; and the burden of proof is therefore upon him to make it out. *Kingsley* v. *New England Mutual Fire Ins. Co.* 8 Cush. 404. Whether the defendant went to free land or not, is a fact peculiarly within his own knowledge ; and this is an additional reason why the burden of proof should be upon him. 1 Greenl. Ev. § 79. The evidence of particular instances of the plaintiffs' neglect to demand toll of a third person was incompetent, for any purpose.

*J. G. Abbott,* for the defendant.

BIGELOW, J. It was incumbent on the plaintiffs to prove a liability on the part of the defendant to pay the tolls which they sought to recover in this action. For this purpose they relied on the implied assumpsit arising from proof that the defendant had passed their bridge without paying the usual tolls. This made out a *prima facie* case, and would entitle them to recover unless the defendant offered some evidence to rebut it. But it does not follow that the burden of proof was thereby shifted. On the contrary, in the absence of any matter in avoidance or discharge, the fact to be proved remained the same. By showing that certain persons were by the votes of the corporation exempt from toll, and by proof tending to show that the defendant was included among them, he only endeavored to meet and overthrow the case which the plaintiffs, by their evidence, had sought to establish. The plaintiffs averred the legal liability of the defendant to pay tolls. To this aver-

ment the evidence on both sides was directed; and as the plaintiffs affirmed it as the foundation of their claim, so they were bound to sustain it by proof in all stages of the trial.

The burden of proof and the weight of evidence are two very different things. The former remains on the party affirming a fact in support of his case, and does not change in any aspect of the cause; the latter shifts from side to side in the progress of a trial, according to the nature and strength of the proofs offered in support or denial of the main fact to be established. In the case at bar, the averment which the plaintiff was bound to maintain was, that the defendant was legally liable for the payment of tolls. In answer to this, the defendant did not aver any new and distinct fact; such as payment, accord and satisfaction, or release; but offered evidence to rebut this alleged legal liability. By so doing, he did not assume the burden of proof, which still rested on the plaintiffs; but only sought to rebut the *prima facie* case which the plaintiffs had proved against him. The ruling of the court on this point was therefore right.

The evidence, that other persons going to certain premises in Dracut were allowed to pass the bridge free of toll, was clearly competent; because it was in the nature of an admission by the defendants that the estate in Dracut to which these persons were going was included in the vote of the corporation exempting certain territory and persons residing thereon from liability to tolls. It being admitted that the defendant and members of his family frequently passed over the bridge to the same premises, the evidence had a direct bearing on the question at issue between the parties.          *Exceptions overruled.*