## Lincoln Traction Company v. Wilhelmina Webb.

Filed January 18, 1905. No. 13,712.

1. **Street Railways: Liability.** Street railway companies are common carriers of passen. 3, and are liable as other common carriers upon common law principles. They are required to· exercise the utmost skill, diligence and foresight consistent with the business in which they are engaged for the safety of their passengers, and they are liable for the slightest negligence.

2. **Action: Evidence: Presumption.** In an action for damages for an injury received while being transported by such common carrier, proof of mere injury, without more, does not raise the presumption of negligence sufficient to impose on the company the burden to prove due care on its part.

3. **Burden of Proof.** In such case the burden is on the plaintiff to prove that he was a passenger, was injured, the extent of his injuries, the accident from which the injury resulted, and circumstances of such a character as to impute negligence.

4. ————. But where negligence is proved, or where from the nature of the accident which was the proximate cause of the injury negligence is presumed, the carrier is then required to show that it was in nowise at fault, or that the plaintiff was guilty of some negligent act which contributed to the injury complained of.

5. **Instruction.** In such a case it is error to instruct the jury, in substance, that it is only necessary for the plaintiff to prove that he was a passenger and was injured, and' that the burden of proof is then upon the defendant to· show by a preponderance of the evidence that it was not guilty of the negligent act complained of.

6. **Case Disapproved.** Paragraph four of the syllabus to *Lincoln Street R. Co. v. McClellan*, 54 Neb. 672, is disapproved, and the opinion is modified to conform to the rule above stated.

Error to the district court for Lancaster county: Lincoln Frost, Judge. *Reversed.*

*Clark & Allen, for plaintiff in error.*

*Billingsley & Greene* and *R. H. Hagelin, contra.*

Barnes, J.

In this case the Lincoln Traction Company prosecutes error from a judgment of the district court for Lancaster

county in favor of one Wilhelmina Webb, who will here-after be called the plaintiff; and the traction company will be called the defendant.

The principal assignment of error discussed by counsel is that the court erred in giving the sixth paragraph of his instruction to the jury. For a clear understanding of the question presented, it is necessary to state the issues as made by the pleadings. The charging part of the petition is as follows:

"That on or about the 1st day of August, 1903, the plaintiff, at the special instance and request of the defendant company, became and was a passenger on said street railway to be carried in its cars safely from the post office building in said city, to 19th and O streets on said railway, for the sum of five cents; that when the car on which plaintiff was a passenger was between 18th and 19th streets, on O street in said city, the plaintiff rang the bell to notify the defendant that she desired to leave said car at 19th and O streets; and when the car reached said 19th and O streets it stopped, and the plaintiff started to get off said car, and before plaintiff had time to leave said car, and while standing on the steps of said car, the defendant carelessly and negligently started said car without a bell ring from the car's conductor, and plaintiff, without negligence on her part, was by the negligence and carelessness of the defendant, as above alleged, thrown violently from said car to the hard pavement, and suffered great and permanent injuries."

The answer was a general denial and a plea of contributory negligence, which was denied by the reply. It is also proper to state that the evidence as to whether the car was stopped a sufficient length of time for the plaintiff to alight, or whether she got off from the car carelessly and negligently while the same was in motion, and was thus guilty of contributory negligence, was, to say the least, conflicting. On the issues presented by the pleadings and the evidence, as above stated, the court gave the instruction complained of, which reads as follows:

"6th. The burden of proof is on the plaintiff to prove by a preponderance of the evidence that she received the injuries complained of while being transported by the defendant company at about the time and place alleged, and that by reason thereof the plaintiff has sustained damages. On the other hand, when the plaintiff has shown that she met with an injury, then the burden of proof is upon the defendant to prove by a preponderance of the evidence that it was not guilty of the negligent act complained of in the plaintiff's petition, said act being the proximate cause of the plaintiff's injuries. The burden of proof is also upon the defendant to show that some negligence of the plaintiff contributed to her injuries as the proximate cause thereof, unless the plaintiff in making her own case has shown that some act of hers contributed to said injury."

It will be observed that this instruction placed the burden on the defendant company, after the injury was shown, to prove by a preponderance of the evidence that it was not guilty of the negligent act set forth in the plaintiff's petition. Its effect was to shift the burden of proof on the question of negligence from the plaintiff, who held the affirmative of that issue, to the defendant, as soon as it was shown that she had been injured. At this point it may be said that it is the settled law of this state that street railways are common carriers of passengers for hire, and are liable as other common carriers upon common law principles. They are bound to exercise extraordinary care and the utmost skill, diligence and human foresight for the protection of their passengers, and are liable for the slightest negligence, but they are not held to the strict liability of insurers. That is to say, they are not governed by the provisions of section 3, article I, chapter 72, Compiled Statutes, 1903 (Ann. St. 10039), which defines the liability of steam railways in this state for damages inflicted upon passengers. *Spellman v. Lincoln Rapid Transit Co.*, 36 Neb. 890; *Pray v. Omaha Street R. Co.*, 44 Neb. 167; *East Omaha*

*Street R. Co. v. Godola,* 50 Neb. 906; *Lincoln Street R. Co. v. McClellan,* 54 Neb. 672; *Omaha Street R. Co. v. Boesen,* 68 Neb. 437. It follows that, before the plaintiff could recover in this case, it was necessary for her to allege and prove some negligent act of the defendant company which was the proximate cause of the injury complained of. The rule seems to be well settled that the burden of proof never shifts, but remains with the party holding the affirmative. When a party alleges the existence of a fact as the basis of a cause of action or defense, the burden is always upon him to establish it by proof. *Rapp v. Sarpy County,* 71 Neb. 382; *Kay v. Metropolitan Street R. Co.,* 163 N. Y. 447, 57 N. E. 751. It was said by the supreme court of Massachusetts in *Central Bridge Corporation v. Butler,* 68 Mass. 130:

"The burden of proof and the weight of evidence are two very different things. The former remains on the party affirming a fact in support of his case, and does not change in any aspect of the cause; the latter shifts from side to side in the progress of a trial, according to the nature and strength of the proofs offered in support or denial of the main fact to be established." See also *Kahn v. Triest-Rosenberg Cap Co.,* 139 Cal. 340, 73 Pac. 164; *Scott v. Wood,* 81 Cal. 398, 22 Pac. 871.

It is true that in some cases loose expressions may be found that the burden of proof shifts when the fact that is the basis of a presumption of negligence is made to appear. But it is believed that no court has upheld such a ruling when its attention has been challenged thereto. The burden always rests on the party who has the affirmative, and actions for personal injuries against common carriers are no exception to this rule unless they are made so by statute. Again, by this instruction the jury were told, in substance, that when the plaintiff had shown that she was a passenger, and had met with an injury, the burden of proof was on the defendant to show by a preponderance of the evidence that it was not guilty of the negligent act complained of in her petition. This, in

effect, informed the jury that proof of the injury raised a presumption of negligence. The negligent act charged in the petition was the sudden starting of the car while the plaintiff was alighting therefrom, and the jury were told that the burden of proof was on the defendant to show that the car did not so start. This was clearly wrong. The court must have misapprehended the rule upon which the doctrine of the presumption of negligence rests. This presumption arises, if at all, from the proof made or conceded facts from which negligence on the part of the defendant may be inferred. We cannot infer that the car suddenly started and threw the plaintiff from the mere fact that she fell and struck on the back of her head. She might have fallen when attempting to alight if the car were standing still. And, again, she might have slipped or stumbled, and for that reason have fallen immediately after alighting from the car. The basis of the presumption in actions against carriers for personal injuries is not the mere fact of the injury, but is the act of the defendant which causes the injury. In *Spellman v. Lincoln Rapid Transit Co., supra,* it appeared that the car in which the plaintiff was riding was derailed. He alleged that he was injured thereby, and there was evidence to support the allegation. It was said: "He alleged that the derailment of the car was through the carrier's negligence. The law by presumption supplied that proof for him." This was enough. The burden was then on the carrier to rebut this proof of negligence by showing that it was produced by causes wholly beyond its control. In that case the fact of derailment was admitted, and was therefore the basis of the presumption of negligence. In the case of *Omaha Street R. Co. v. Boesen, supra,* it was alleged in the petition that the plaintiff was injured by the derailment of the defendant's car. The charge of derailment was denied by the answer, which also contained a plea of contributory negligence, in that defendant was injured by jumping from the rapidly moving train. There was a conflict of evi-

dence on those questions, and the court gave an instruction as follows:

"You are instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence that he was injured while a passenger of the defendant, the extent of his injuries and the damages occasioned thereby.  *  *  *  And the burden of proof is upon the defendant to show by a preponderance of the evidence that such injuries, if any, were received while a passenger, by being thrown from a car because of the derailment thereof, were without fault on defendant's part, and that they could not have been avoided by the exercise of the highest degree of skill and diligence on the part of the defendant, consistent with its business."

The judgment of the trial court was reversed, and in the opinion is found the following:

"It may be stated, as a general proposition, that a street railway company is a common carrier of passengers for hire; that ordinarily it will be sufficient for one to show that he was a passenger, that while such passenger he was injured, and the extent of such injuries. It will then devolve upon the company to show that the injury occurred without any negligence on its part, and that by the exercise of the highest degree of care it could not have prevented such injury. It will be found, however, that this doctrine has been laid down in cases where there was a collision, or where the person injured had been struck or run over by a street car—in short, in cases where the undisputed cause of the injury fairly raised the presumption of negligence.  *  *  *  He (the plaintiff) alleged, as a substantive part of his case, that he was thrown from the car by a derailment of it, caused by the negligence of the company; and it would seem that before he could make his case it would be necessary to show, at least, that he was thrown from the car as alleged in his petition, before any presumption of negligence could arise."

This rule is sustained by the decisions of the federal

courts.   See *Frizzell v. Omaha Street R. Co.,* 124 Fed. 176, and cases there cited.

It is true that the cases of *Stokes v. Saltonstall,* 38 U. S. *181; *Transportation Co. v. Downer,* 78 U. S. 129, and *Inland & Seaboard Coasting Co. v. Tolson,* 139 U. S. 551, are sometimes cited as announcing a contrary doctrine, but an examination of those cases shows that in each of them the accident itself, which .was the proximate cause of the injury complained of, raised the presumption of negligence and thus supplied the plaintiff with the proof which otherwise he would have been required to make. The English case of *Christie v. Griggs,* 2 Camp. N. P. 79, is a leading case on this question.   The opinion reads as follows:

"I think the plaintiff has made a *prima facie* case by proving  *  *  *  the damage he has suffered.  It now lies on the other side to show, that the coach was as good a coach as could be made, and that the driver was as skilful a driver as could anywhere be found.  What other evidence can the plaintiff give?  The passengers were probably all sailors like himself; and how do they know whether the coach was well built, or whether the coachman drove skilfully?  In many other cases of this sort, it must be equally impossible for the plaintiff to give the evidence required. But when the breaking down or overturning of a coach is proved, negligence on the part of the owner is implied."

In *Rose v. Stephens & Condit Transportation Co.,* 20 Blatchf. (U. S.) 411, it was said of the presumption of negligence:  "The presumption originates from the nature of the act, not from the nature of the relations between the parties."

In *McDonald v. Montgomery Street R. Co.,* 110 Ala. 161, it was said:

"Proof of mere injury, without more, does not raise a presumption of negligence, sufficient to impose on the company the burden to prove due care on its part.  In order to recover, it is incumbent on the plaintiff to show an acci-

dent, from which injury resulted, or circumstances of such character as to impute negligence."

In *St. Louis & S. F. R. Co. v. Mitchell,* 57 Ark. 421, the court said:

"It is true that the burden was upon the appellee to show by proof that the railway company was guilty of negligence. The mere fact that the appellee was injured, without more, was not sufficient to raise a presumption of negligence on the part of the railway company. But the derailment of the car and its overturning, and the injury to the appellee thereby, being in the usual course, the logical inference of negligence might be drawn therefrom. * * * In such a case, *res ipsa loquitur.*"

But this rule applies only when the circumstances are such as to afford just ground for a reasonable inference that according to ordinary experience the accident would not have occurred except for want of due care. If causes other than negligence of the defendant might have produced the accident, the plaintiff is bound to exclude the operation of such causes by a fair preponderance of the evidence. *Wadsworth v. Boston Elevated R. Co.,* 182 Mass. 572, 66 N. E. 421. The presumption of negligence has been more frequently applied in cases of passengers than in any other; but there is no foundation in reason or authority for such limitation of the rule of evidence. The presumption originates from the nature of the act, not from the nature of the relation between the parties. The duty which the law enjoins in the two cases—carriers and non-contract cases—only differs in the degree of care to be exercised. The principle of law involved is the same, and the reason of the rule is not found in the relation between the parties. The presumption arises from the inherent nature and character of the act. No further authorities need be cited in support of this rule. It is contended, however, that this case should be governed by the rule announced in *Lincoln Street R. Co. v. McClellan,* 54 Neb. 672. In that case the judgment was reversed solely because the trial court instructed the jury that in order

to defeat a recovery the burden was on the defendant to prove gross contributory negligence on the part of the plaintiff, and the question in dispute herein was not involved in that case. It was said, however, by the learned judge who wrote the opinion:

"In an action for damages for an injury received while being transported by a common carrier, the injury being shown, the burden of proof is upon the carrier to show that it was in nowise at fault."

It is quite probable that the trial court gave the instruction complained of because of the statement quoted above. We cannot wholly approve of that expression. It seems clear that it is too broad and is not a correct statement of the law. It is incorrect to say that the negligence of the carrier is to be presumed from the mere fact that an injury has been done to the plaintiff. A presumption arises from the cause of the injury, or from other circumstances attending it, but not from the injury itself. The better rule is found in *Chicago, B. & Q. R. Co. v. Howard*, 45 Neb. 570, where it is said:

"The presumption of negligence, where entertained, must be from proved and conceded facts, and from such must be the logical, reasonable, and probable deduction."

From the foregoing it would seem clear that the opinion in *Lincoln Street R. Co. v. McClellan, supra*, should be modified to conform to the rule announced herein. That the instruction complained of was wrong because it assumed that the contract of carriage and the injury were the basis of a presumption of negligence. There was no basis for the presumption in the instant case until it was proved that the sudden starting of the car was the cause of the plaintiff's injury. That fact being disputed the burden of proof was on the plaintiff to establish it by a preponderance of the evidence.

We therefore hold that, in actions against common carriers on their common law liability for personal injuries, the burden is on the plaintiff to prove that he was a passenger, was injured by the negligence of the defendant,

and the extent of such injuries. That where, the nature of the accident, when proved or conceded, is such as to fairly raise the presumption of negligence, proof of such accident, which is the proximate cause of the injury complained of, is sufficient. But where from the nature of the accident the presumption of negligence does not arise as a matter of law, the plaintiff must make proof of the negligent acts of the defendant on which he bases his cause of action.

It is also contended that the evidence was not sufficient to sustain the verdict. But as the judgment must be reversed for another cause, and the case may be tried again, we decline, at this time, to express any opinion on that question.

For the foregoing reasons, the fourth paragraph of the syllabus to *Lincoln Street R. Co. v. McClellan, supra,* is disapproved, and the opinion therein modified to conform to the rule announced above. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.

HOLCOMB, C. J., concurring.

Although reluctant to consent to the overruling of the proposition announced in *Lincoln Street R. Co. v. McClellan,* 54 Neb. 672, relative to the presumption of negligence when an injury has occurred to a passenger while being transported by a common carrier, which was agreed to by a unanimous court, I am convinced that the rule therein stated is not an accurate expression of the law on the subject, and is without substantial support in authority or principle. It should be said that a ruling on this particular question was not in that case essential to the decision rendered. An examination of the briefs of counsel discloses that the only questions which were presented and argued were with reference to whether simple contributory negligence on the part of the injured passenger would bar recovery, or whether the negligence

must be gross; also whether the statute making steam railroads liable for injuries to passengers, except in cases where the injury done arises from criminal (gross) negligence to the person injured, is applicable to street railways. The instruction considered in that case permitted a recovery unless the jury should find that the injured passenger was guilty of gross negligence which contributed to the injury received. It thus becomes obvious that the opinion, in so far as it discusses and lays down the rule relative to the presumption of negligence arising from the mere fact that an injury occurred to a passenger while being transported by the street railway company, is *obiter dictum.*

As has well been said, the mere fact of an injury to a passenger while being transported is, regarding the question of negligence, colorless and raises no legitimate inference as to the carrier's failure to perform some duty owing to the passenger. Passengers while being transported are frequently injured by their own acts, and by extraneous causes in no way connected with the means employed in transporting the passengers, as well as by the negligent acts of the carrier. It is difficult, therefore, to perceive why it should be said that proof alone that the passenger was injured while being transported raises the presumption that the negligence of the carrier was the proximate cause of the injury. It is said in *Swift & Co. v. Holoubek,* 60 Neb. 784, 795:

"Negligence will not be presumed in the absence of facts or circumstances from which its existence may reasonably be inferred. In the absence of evidence the presumption, if any may be indulged in, is that all parties acted with ordinary care, and this presumption continues until overthrown by the evidence." In the case at bar the injury is alleged to have been caused by the street car being started while the passenger was alighting, and by reason thereof she was thrown to the pavement and sustained the injuries complained of. If this fact had been conceded or established by the evidence to the satis-

faction of the jury, then, doubtless, the presumption of negligence would arise, and it would devolve upon the carrier to show that it exercised that degree of skill, diligence and foresight for the safety of its passengers which the law charges it with. This alleged cause of the injury, however, was the pivotal point in the controversy and regarding which the evidence was conflicting. The burden of proof was upon the plaintiff to establish the fact upon which she relied as a basis for the presumption of the negligence charged. She was required to prove, it being disputed, that the injury complained of was chargeable to the acts of the defendant's servants or the means and appliances employed in her transportation. It was the defendant's contention that the plaintiff's injury was caused by her own carelessness and voluntary action in stepping from the car while in motion. The plaintiff was therefore required to go one step further than as stated in the instruction complained of, and establish by the evidence that the cause of the injury was the starting of the car while she was in the act of alighting therefrom. In a well-considered case, *Benedick v. Potts,* 88 Md. 52, 41 L. R. A. 478, it is said the doctrine of *res ipsa loquitur* does not go to the extent of implying that you may from the mere fact of an injury infer the physical act that produced the injury, but it means that when the physical act has been shown or is apparent, and is not explained by the defendant, the conclusion that negligence superinduced it may be drawn as a legitimate deduction of fact. Another court has said:

"When a passenger is injured in an accident to the machinery, appliances, or means provided for his transportation, it is unnecessary for him, in the first instance, to do more than prove the fact of the injury, and show that the accident in which it was received was due to the failure or insufficiency of some of the agencies provided for the carriage. When such proof is made, the burden is transferred to the carrier to show its own freedom from fault, and that the accident was one which the utmost skill,

care and prudence could not have prevented.     *     *     *
But the rule does not apply in the case of an accident
unconnected with the means of transportation." *Denver
& R. G. R. Co. v. Fotheringham,* 17 Col. App. 410, 68 Pac.
978.

If the injury is caused to the passenger by apparatus
wholly under the control of the carrier, and furnished and
applied by it, a presumption of negligence arises. It is
only when the injury occurred from the abuse of agencies
within the defendant's power that it can be presumed to
act negligently. *Chicago City R. Co. v. Catlin,* 70 Ill.
App. 97. The true rule seems to be that, where a passen-
ger sustains an injury growing out of the acts of the car-
rier's servants or employees, or because of any defect in
machinery, coaches or roadway, or any of the means, ap-
pliances or agencies connected with or employed in the
transportation of the passenger, the presumption arises
that the injury was caused by the negligence of the carrier,
and it then devolves upon it to explain the act and relieve
itself of the imputation of negligence thus cast upon it,
the negligence complained of being the proximate cause
of the injury inflicted. *Connell v. Chesapeake & O. R. Co.,*
93 Va. 44; *Spencer v. Chicago, M. & St. P. R. Co.,* 105
Wis. 311. In 6 Cyc. 629, the author of the text, in speak-
ing of this particular subject, says:

"His (the passenger's) right of action for injuries is
based on negligence, and the burden of proof of negli-
gence is on plaintiff. Therefore the mere proof of an in-
jury to the passenger in course of transportation, which,
so far as it is shown, might have occurred by reason of
other cause than the carrier's negligence, such as the act
of the passenger himself, or without fault of any one, will
not make a *prima facie* case."

The courts and text writers all appear to be of one
mind and in substantial accord on the question, and, on
principle, it would seem that the passenger must at least
assume the burden of proving the proximate cause leading
to the injury, if not conceded, and that such injury was

the result of some fault or imperfection in the means, appliances and agencies employed by the carrier in the transportation of the passenger.