LINCOLN TRACTION COMPANY V. KATHERINE M. SHEPHERD.*

FILED SEPTEMBER 20, 1905.   No. 13,899.

Street Railways: NEGLIGENCE: EVIDENCE. In an action for damages by
a passenger against a street railway compa'ny, where the defend-
ant's liability rests upon the question whether or not a street car
was suddenly and carelessly started as the plaintiff was about to
alight therefrom, which is denied, the defendant is only required
to furnish sufficient proof to rebut that produced by the plaintiff
upon this point, and is not required to establish its freedom from
negligence by a preponderance of the evidence.

ERROR to the district court for Lancaster county: LIN-
COLN FROST, JUDGE.   Reversed.

*Clark & Allen,* for plaintiff in error.

*Stewart & Munger, contra.*

LETTON, C.

This action is brought to recover for personal injuries
which the plaintiff alleges she suffered while a passenger
upon a street car belonging to the defendant company.
She alleges that when she desired to alight she notified
the motorman to stop the car; that after the car was
stopped, and while she was in the act of alighting, the car
was negligently, suddenly and violently jerked and started
forward, thereby throwing her upon the brick pavement
and causing severe injuries.   The defendant, for answer,
denied these allegations, and alleged that while the car
was in motion the plaintiff carelessly and negligently
alighted and stepped down upon the street, that by rea-
son of her negligence in alighting from a moving car she
fell upon the pavement, and that the injuries she received
were the result of her own carelessness and negligence.
These allegations were denied by the reply.   A trial was
had, resulting in a verdict and judgment for the plaintiff,
from which the defendant prosecutes error.   For conven-

* Rehearing allowed.   See opinion, p. 374, *post.*

ience the parties will be designated as in the district court.

Defendant alleges that the court erred in giving instruction No. 11. This instruction, so far as material in this discussion, is as follows: "The burden of proof is on the plaintiff to prove by a preponderance of the evidence that she received the injuries while being transported by the defendant company at or about the time and place alleged, and that the negligence of the company was the proximate cause of such injuries, and that by reason thereof the plaintiff has sustained damages, and the amount of such damages. On the other hand, when the plaintiff has shown that she met with an injury while being transported by the defendant, arising from defendant's management and operation of its car, then the burden of proof is upon the defendant to prove by a preponderance of the evidence that it was not guilty of the negligent act complained of in the plaintiff's petition, and as set out in the first paragraph of these instructions." The complaint made of this instruction is that it is erroneous because it states that the burden shifted to defendant to disprove the "negligent act" complained of in the petition. The brief of defendant was filed before the opinions of this court in *Lincoln Traction Co. v. Webb*, 73 Neb. 136, and *Lincoln Traction Co. v. Heller*, 72 Neb. 134, were handed down, and is mainly taken up with an argument and citation of authorities for the purpose of establishing the rule laid down in these cases that it is error to instruct the jury, in substance, that it is only necessary for the plaintiff to prove that he was a passenger and was injured, and that the burden of proof is then upon the defendant to show by a preponderance of the evidence that it was not guilty of the negligent act complained of. So far, therefore, this court has already adopted the doctrine for which the plaintiff contends, and the only question necessary to consider in this connection is whether this instruction is in contravention of the principles laid down in the two cases mentioned.

Instruction No. 11 consists of two main propositions, the first of which is to the effect that the plaintiff must prove (1) that she received the injuries alleged while being transported by the defendant, (2) that the negligence of the company was the proximate cause of such injuries, (3) that by reason thereof she had sustained damages to a certain amount. The second proposition embraced in the instruction is (1) that, when the plaintiff has shown that she met with an injury while being transported, and (2) that the injury arose from the defendant's management and operation of its car, then the burden of proof is on the defendant to prove by a preponderance of the evidence that it was not guilty of the negligent act complained of. As to the first proposition, we have heretofore said that it is a general rule that the burden of proof is always upon the party maintaining the affirmative of an issue. *Rapp v. Sarpy County,* 71 Neb. 382, 385, *Lincoln Traction Co. v. Webb,* 73 Neb. 136. The first division of this instruction lays down this principle, and correctly informs the jury that the burden of proof is upon the plaintiff to show that the negligence of the company was the proximate cause of the injuries. The necessity of proving this essential element to establish the plaintiff's case was wholly omitted from the instructions given in the *Webb* and *Heller* cases. In those cases the jury were instructed that, when an injury to a passenger was proved, the negligence of the defendant was presumed, while in this instruction the jury are correctly told that the burden of proof is on the plaintiff to prove such negligence. As to the second division of this instruction, the jury were instructed that, after the plaintiff has shown that she met with an injury arising from the defendant's management and operation of the car, the burden of proof was upon the defendant to prove by a preponderance of the evidence that it was not guilty of the negligent act complained of.

It will be seen that the negligence charged in the petition consisted in the careless act of suddenly moving and

jerking the car when the plaintiff was in the act of alighting. The case is different from one in which a collision or derailment occurs, or where there is an accident to the machinery or appliances used as a means of transportation. In such case, evidence of that fact and of the plaintiff's injuries arising therefrom, without other proof, raises the presumption of negligence. The thing itself speaks—*"res ipsa loquitur"*—and this is the foundation upon which the doctrine rests. The plaintiff is not required in such a case to prove that the accident resulted from the defendant's negligence, on account of the hardship he would be under of being compelled to seek evidence which might lie wholly within the defendant's grasp and control. This subject is discussed and the reason for the rule clearly shown in *Lincoln Traction Co. v. Webb, supra,* the opinion citing the cases upon which the doctrine rests, and which are quoted in the brief of defendant in this case. In cases such as this, however, it is impossible to apply this rule. When the plaintiff had introduced testimony to substantiate the allegation that the proximate cause of her injury was the careless starting of the car while she was in the act of alighting, the defendant's obligation, in order to escape liability, was the same as in any other case of negligence. It was compelled to disprove this allegation, either by showing that the sudden movement did not happen, or that, although it happened, the defendant was exercising all due and proper care in the operation of the car at the time, and was free from negligence. The plaintiff was required to go further by her evidence than in a case where evidence is furnished by the thing itself. In such case, the legal presumption furnishes a part of the plaintiff's case. There was a direct conflict in the evidence as to whether or not the car stopped as plaintiff was alighting, and then started forward with a jerk, or whether the accident was caused by the plaintiff stepping from the car while it was in motion and before it stopped. The question whether or not the car was negligently started with a sudden jerk

while the plaintiff was in the act of alighting was the crucial point in the case, and to require the defendant to prove by a preponderance of the evidence that this negligent act did not occur was imposing a requirement upon it which the law does not justify. It was the plaintiff's duty to establish this allegation by a preponderance of the evidence. If the defendant produced merely sufficient evidence to balance that produced by the plaintiff upon this point, it was enough. The defendant was not compelled to introduce any evidence until the plaintiff had shown that the injury resulted from a negligent act, and after the plaintiff had introduced evidence to that effect it was only compelled to meet the same to the same extent as in other cases where damages are sought for injuries by reason of negligence, and was not compelled to establish its innocence by a preponderance of the evidence.

Plaintiff in an extensive and painstaking brief has cited cases from the courts of England and almost every state and territory in the United States using expressions that, where an injury to a passenger has been proved arising from the defendant's management and operation of the means of transportation, a presumption of negligence is raised, and the "burden is cast" upon the defendant to show that it was not negligent, or "that the defendant must show," or that "the burden of proof is upon the defendant," or "it rests upon defendant, to establish" freedom from negligence. Though the language employed in these cases is not exactly the same, and is used with more or less exactness, the idea intended to be conveyed is that which is expressed in *Lincoln Traction Co. v. Webb, supra,* as follows: "Where negligence is proved, or where from the nature of the accident which was the proximate cause of the injury negligence is presumed, the carrier is then required to show that it was in no wise at fault." But this is the extent of the burden imposed upon the defendant, and is the same in cases of carriers of passengers as in other cases of negligence, and the defendant is not required to overcome the plaintiff's

testimony by a preponderance of the evidence. In the instant case, as soon as the defendant convinces the jury that the evidence upon its part as to the sudden starting of the car is equal in weight and credibility to that of the plaintiff on this point, it is entitled to a verdict, and the jury should have been so instructed. Where the liability of the defendant depends upon a question of fact as to which there is a direct conflict in the evidence, an instruction which imposes a heavier burden upon it than is proper is prejudicially erroneous.

Defendant further complains of the overruling of a motion for a new trial upon the ground of newly discovered evidence. The evidence offered was cumulative in its nature, and it is a very close question whether or not it would influence the result upon a new trial. Since a new trial must be granted on account of the error in the instruction, the defendant will be afforded an opportunity to produce this further evidence at that time.

We recommend that the judgment of the district court be reversed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.

The following opinion on rehearing was filed April 18, 1906. *Judgment of reversal adhered to:*

1. Negligence: BURDEN OF PROOF. The rule that the burden of proof upon the issue of negligence does not shift during the progress of the trial, but rests throughout upon the party alleging such negligence, is based upon the better reason, and well supported by authority, and is established in this state as the correct rule.

2. ———: EVIDENCE: PRESUMPTION. When it appears, in an action against a common carrier for personal injury caused by the negligence of the carrier, that some defect in the appliances of the carrier, or some act of its employees in the conduct of its business, contributed to the accident which caused the injury complained

of, a presumption of negligence on the part of the carrier arises, and unless there is evidence against the presumption it will be sufficient to establish the allegation of negligence of the carrier.

3. **Instruction:** BURDEN OF PROOF. It is erroneous to refuse to instruct the jury that the party alleging facts from which a presumption of negligence would arise has the burden of proving the existence of such facts.

SEDGWICK, C. J.

The proposition announced in the opinion upon the former hearing that in actions for negligence the burden of proof is upon the plaintiff to establish the negligence of the defendant, and that this burden does not shift to the defendant during the progress of the trial, but remains with the plaintiff throughout the trial, we think is supported by the better reason and probably also by the best considered authorities. *Rapp v. Sarpy County,* 71 Neb. 385; *Omaha Street R. Co. v. Boesen,* p. 764, *post.* There is quite a comprehensive note upon this subject in connection with *Black v. Boston E. R. Co.* (187 Mass. 172), 68 L. R. A. 799. Many of the leading cases are cited and, after a consideration of these cases, the conclusion is reached: "The position of those who hold that the *onus probandi,* which, under the circumstances detailed, rests at the commencement with the one alleging the negligence of the carrier as the direct and proximate cause of the injury, continues to do so during the trial— is the more logical." There is no doubt that a duty of the highest order is placed upon the conductor of a street car to protect his passengers from danger by all reasonable means within his power. When a passenger is injured through some defect in the appliances of the carrier, or some act that is done by its employees in the conduct of the business, a presumption of negligence on the part of the carrier arises, and this presumption is sufficient, in the absence of any other evidence upon the subject, to supply the proof demanded of the plaintiff upon that point and establish *prima facie* the negligence of the

carrier. If unexplained by the carrier, no further proof upon that point is necessary to establish his negligence. But if evidence appears in the plaintiff's own testimony, or is offered by the defendant, sufficient to rebut this presumption, then the negligence of the carrier is not established by the presumption. In determining this question upon the whole evidence the burden of proof is upon the party who alleges negligence, and the proof must be sufficient to establish such negligence. The evidence tending to prove negligence of the carrier, including the presumption referred to as a part of such evidence, must preponderate, that is, the plaintiff must show by a preponderance of the whole evidence upon this point that the carrier was negligent and that this negligence contributed directly to his injury. Under this rule the instruction set out in the former opinion was erroneous. By that instruction the jury were told that under certain circumstances "the burden of proof is upon the defendant *to prove by a preponderance of the evidence* that it was not guilty of the negligent act complained of in plaintiff's petition." It is contended in plaintiff's brief that the instructions taken together show that the preponderance of the evidence required of the defendant by the instructions was limited to the proof of the facts which the defendant alleged from which due care on its part was to be derived. This would not affect the rule. But we do not think that the instructions can be so construed. The act complained of in the plaintiff's petition is stated in the instructions as the subject matter upon which the defendant must produce a preponderance of the evidence, and the jury must have understood this to refer to the plaintiff's cause of action as predicated upon the defendant's negligence.

2. It is earnestly argued in the plaintiff's brief that the former decision turns entirely on the question whether it is possible to apply in this case the doctrine of *res ipsa loquitur*. The question was discussed in the opinion, and it must be confessed that whether the doctrine can be ap-

plied to the solution of the matter presented to this court is not entirely clear. It was shown in the former opinion that it was claimed on the part of the plaintiff that she had signaled the conductor that she desired to leave the car, and that the car was stopped accordingly; that she thereupon proceeded to leave the car, and, when she had reached the steps and was about to alight, the car was suddenly started "with a jerk" which threw her to the ground and caused her injury. If the facts so alleged were established by the evidence, then the doctrine of *res ipsa loquitur* would apply. The sudden starting of the car, in the manner and under the circumstances alleged, while the plaintiff was properly on the steps and in the act of stepping to the ground, being the act of the carrier, would, if the cause of the accident, furnish a presumption of negligence on the part of the carrier. On the other hand, it was alleged by the defendant that the plaintiff, while the car was moving, carelessly attempted to step from the car to the ground, the motion of the car being such as to throw her down and cause the injury. In such case, no presumption of negligence on the part of the carrier would arise. The issue of fact thus sharply presented was not with clearness explained to the jury. The jury should have been told to determine this question of fact; and that if it was found to be as alleged by plaintiff the presumption above stated would arise; but if found as alleged by defendant, then the plaintiff, having by her own carelessness contributed to the cause of her injury, could not recover. The defendant requested the court to instruct the jury: "You are instructed that the burden of proof is upon the plaintiff to show that the car started with a jerk when she was in the act of alighting." The facts from which a presumption of negligence on the part of the defendant arises, must be proved before the plaintiff can have the benefit of such presumption. This request for instruction was along that line. A more accurate and comprehensive instruction upon this phase of the case was desirable, but the case could not be properly

submitted without a statement of the vital point in dispute, and it appears that the refusal of the request was prejudicial to the defendant.

We think the conclusion reached upon the former hearing is right, and it is adhered to.

REVERSED.