LILLIAN LIVINGSTON, APPELLANT, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED DECEMBER 26, 1919. No. 20489.

1. **Carriers:** CONFLICT OF EVIDENCE: DOCTRINE OF RES IPSA LOQUITUR. When, in an action against a common carrier for personal injuries, the testimony conflicts as to whether plaintiff's injuries were sustained while she was a passenger and about to alight or whether they were sustained at a distance of six or eight feet from the car after she had safely alighted, the rule of *res ipsa loquitur* does not apply.

2. **Witnesses:** PRIVILEGED COMMUNICATIONS. When plaintiff offers testimony in chief tending to prove freedom from venereal disease, it is competent for defendant to offer testimony tending to show that plaintiff called upon and was examined by a physician, but such physician cannot testify as to the result of his examination.

3. **Appeal:** CONFLICT OF EVIDENCE. When the testimony conflicts, the judgment will not be set aside unless the verdict is clearly wrong.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Stout, Rose & Wells* and *M. O. Cunningham,* for appellant.

*John L. Webster, Herbert J. Connell* and *William M. Burton, contra.*

DEAN, J.

Plaintiff sued to recover $50,650 for personal injuries alleged to have been sustained because of defendant's negligent control of a street car as she was about to alight. Defendant recovered verdict and judgment, and plaintiff appealed.

Respecting the facts immediately attending the accident, plaintiff testified in substance that she arrived at her destination in Council Bluffs about midnight; that just before alighting and while standing in the exit aisle the car suddenly lurched and she was thereby thrown

Livingston v. Omaha & C. B. Street R. Co.

so that her head came in contact with one of the metal hand-rails with such violence that she was rendered unconscious. Della Gilday on the part of plaintiff testified that the accident happened in front of her home, and that she was standing in her front doorway when the car came up; that from there she could see that "Miss Livingston started for the back end of the car, and the conductor was on the inside, with the door closed, and Miss Lillian walked out to the end of the car and went out and closed the door, and in the rough stop of the car she bumped against the railing and was pushed off the car;" that plaintiff fell in a sitting posture and was lying unconscious a little east and away from a plank crosswalk at the intersection when witness reach- ed the car. A photograph in evidence shows that the plank walk is of usual width. The evidence is undisputed that, about "four or five steps from the car track," there is a hole in the walk large enough to permit a person's foot to go through as Miss Gilday testified. It is defend- ant's contention that plaintiff alighted safely, and that she stepped in this hole and fell, and that such fall was the proximate cause of her injury.

These witnesses were called by defendant: Paul Lowry, a passenger, testified that the car was standing still when plaintiff alighted; that there was neither a "lurch" nor a "jerk;" that he saw her throw up her hands and fall directly over the hole in the walk; that when the car stopped the plank walk was directly opposite the back step. To substantially the same effect was the testimony of Ed. Lowry who was a passenger. He also testified that he saw plaintiff when she left her seat, and when next he saw her she was lying on the plank walk with one foot in the hole. Another passenger testified that the car stopped without any unusual movement. The motorman tes- tified that the car stopped without either a "lurch" or a "jerk;" that, hearing no starting signal, he looked into the mirror that reflects the back end of the car, and upon discovering that the conductor was on the cross-

walk, he went back and saw plaintiff "lying over the hole in the crosswalk" about six feet from the car steps. The conductor testified that as the car stopped plaintiff followed him from her seat in the car to the rear platform and alighted on the walk; that after taking two or three steps "she seemed to kind of lose her balance and throw up her hands and she fell;" that he immediately went to her relief and, raising her up, he found that her foot was in the hole in the walk.

Plaintiff argues that her testimony and that of Della Gilday "to the effect that there was a jerking of the car at the time she was about to alight," and that her injury resulted therefrom, raised a presumption of defendant's negligence, and that the jury should have been so instructed. In support of her contention plaintiff cites *Lincoln Traction Co. v. Shepherd,* 74 Neb. 369, on rehearing 374. We do not think the case cited supports the argument. In the present case the testimony was in direct conflict as to whether plaintiff's injuries were sustained while she was yet a passenger and about to alight or whether they were sustained at a distance of six or eight feet from the car after she had safely alighted. Plaintiff did not offer an instruction embodying the rule for which she contends, nor were the jury so instructed. In view of the rule announced in the *Shepherd* case, we hold that the court did not err in the premises.

In the direct examination, with respect to her physical condition before the accident, plaintiff testified that she never had "any venereal disease or taint," nor had she taken treatment for any ailment of that sort. Dr. Elizabeth Lyman is the examining physician for the juvenile court. She testified that it was her duty to examine those coming under its care, that in her official capacity she examined plaintiff in 1911, when she was brought by the juvenile authorities to her for that purpose, and that from the examination she reached a conclusion as to plaintiff's then physical condition; that in 1912 plaintiff came voluntarily and received treatment. On objection by

plaintiff the witness was not permitted to testify respecting plaintiff's condition in 1911, nor as to whether she discovered anything abnormal in her condition in 1912. Defendant called Dr. Van Fleet, who was permitted, over objection, to testify that plaintiff had called on him for an examination before her marriage and before the accident. But he was not permitted to answer this question: "For what purpose, or to determine what, was that examination made?" Subsequently defendant made this offer: " The defendant offers to prove by this witness (Dr. Van Fleet) that the examination was made to determine whether or not she was pregnant and that—" By her counsel: "Since that is the ruling of your honor I will let the witness answer it. If your honor has doubt of the propriety of it, as far as this question is concerned, he can answer." The objection being withdrawn, we do not think the court erred in the premises, and in view of plaintiff's direct testimony we do not think that error can be, predicated on the court's refusal to instruct that the testimony of Dr. Van Fleet and Dr. Elizabeth Lyman was withdrawn from consideration by the jury.

Other errors are assigned having mainly to do with the nature of plaintiff's injuries, the treatment, and the like, but in view of our decision we do not find it necessary to discuss the assignments so pointed out. We think the court did not commit prejudicial error in respect to instructions given or refused. The testimony conflicts, but there is sufficient to support the verdict.

The judgment is

AFFIRMED.

ROSE AND SEDGWICK, JJ., not sitting.