JOHN P. MERCER, APPELLEE, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED MAY 6, 1922. No. 22037.

1. **Street Railways:** USE OF STREETS. The general public has the right to the use of a public street and every part thereof. A person who is upon such street, for a lawful purpose, and who enters upon a portion thereof which the city has permitted a street railway company to use in the conduct of its business, does not thereby become a trespasser, or a mere licensee of said company, so as to absolve said company from the duty of exercising ordinary care to prevent injuring him.

2. ———: ———. Where a street railway company and an individual are both making a lawful use of a public street, it is the duty of each to exercise ordinary care for his own safety and the safety of others. A failure to exercise such care may render the party at fault liable for damages sustained by the other resulting from such a failure; and neither such duty nor liability is increased or diminished by the fact that, at the time of the injury, one or both of said parties was, or was not, a "traveler" on said street.

3. "**Contributory Negligence** is an affirmative defense, and cannot be proved unless alleged in the pleadings." *Reed v. Chicago, B. &*

Mercer v. Omaha & C. B. Street R. Co.

*Q. R. Co.*, 98 Neb. 20.

4. **Street Railways:** LIABILITY. The splitting of a switch which causes a street car to be deflected from its course and to strike and injure a person lawfully on a public street raises a presumption of negligence on the part of the street railway company. In such a case, the fact that said person was not a passenger and did not sustain any contractual relation with the company does not prevent the application of the doctrine *res ipsa loquitur.* The duty which the law requires of a street railway company in contract and non-contract cases only differs in the degree of care to be exercised. The principle involved is the same in both, and the presumption arises from the nature of the act, not from the relation between the parties.

5. **Negligence:** BURDEN OF PROOF. The burden of proof upon the issue of negligence does not shift during the progress of the trial, but rests throughout upon the party alleging such negligence; and a proper application of the doctrine *res ipsa loquitur* does not change said rule.

6. **Appeal:** INSTRUCTIONS. "The giving of an instruction which places the burden of proof to establish some of the facts put in issue by pleadings on the wrong party is reversible error." *Omaha Street R. Co. v. Boesen*, 68 Neb. 437.

APPEAL from the district court for Douglas county: L. B. DAY, JUDGE. *Reversed.*

*John L. Webster*, for appellant.

*Kennedy, Holland, De Lacy & McLaughlin*, contra.

Heard before LETTON, DEAN and DAY, JJ., CLEMENTS (E. J.) and WELCH, District Judges.

CLEMENTS, District Judge.

In this action plaintiff seeks to recover damages for personal injuries sustained by him as a result of being struck by defendant's street car, which accident, he alleges, was caused by defendant's negligence. The defendant's answer is a general denial. From a verdict and judgment in favor of plaintiff for $5,000 defendant appeals.

Defendant has a car barn located on the west side of Tenth and the north side of Pierce street in Omaha. Just east of the entrance of this barn, which is in the northeast

corner thereof, defendant, with the permission of the city, caused to be constructed a retaining wall and areaway extending two feet east of the west line of Tenth street and about ten or twelve feet long. Said wall is about six inches thick. Its top is level with the surface of the sidewalk and, because the ground slopes to the north, the south end is twenty-nine and the north end nine inches high. From its Tenth street line a main switch track runs southwest into said barn, which is called track 6. Just west of the street line a switch is located, by means of which cars may be deflected onto a track running thence south near the east side of the barn, which is called track 12. At about 5:45 p. m. on August 5, 1918, the plaintiff, when on his way home from his work, stopped on Tenth street in front of the entrance of said barn to wait for a friend employed therein who usually quit work at 6 o'clock. While waiting he sat on the west edge of the sidewalk and on the top of said retaining wall near its north end with his feet and legs in the areaway. When he had been there 10 or 15 minutes one of defendant's cars was backed from Tenth street over said switch track which crossed the sidewalk a short distance from the north end of said wall. The rear trucks of the car so being backed passed over said switch and continued on track 6, as was intended, but before, or at the time, the trucks at the other end of the car reached said switch it split, said trucks were deflected onto track 12, which caused the end of the car to swing south over and impinge upon the sidewalk and retaining wall. When doing so the side or step of said car struck plaintiff, breaking his hip and seriously injuring him.

In defendant's brief there are various assignments of error which we shall proceed to consider, but not in the order in which they are assigned. In assignment No. 4 it is alleged that the court erred in giving that part of instruction No. 3 which reads as follows: "If you find from a preponderance of the evidence that the plaintiff herein was sitting on the public sidewalk or a retaining wall forming a part of said sidewalk, the plaintiff was where he had a

right, as a matter of law, to be." In each of instructions Nos. 2, 3, and 4, tendered by defendant, the court was requested to instruct the jury that, if they found that plaintiff entered that part of the sidewalk space, which the city permitted the defendant to use for a retaining wall, for his own convenience, and not as a passenger or employee of defendant, then plaintiff is not entitled to recover, unless they further find that the defendant wilfully or wantonly injured him; and in assignments 5, 6 and 7 defendant alleges that the court erred in not giving said instructions. These four assignments of error involve and raise the same questions of law, viz.: (1) Did the plaintiff have the right to be in the place where he was injured? (2) Did the defendant owe him any duty other than to refrain from wilfully or wantonly injuring him? They will, therefore, all be considered together.

In his argument on these assignments, counsel invokes and relies on the familiar rule that the owner of premises owes no duty to a trespasser or licensee except to refrain from wilfully or wantonly injuring him. At the time plaintiff was injured he was not on premises owned by defendant or under its exclusive control. The city council had no right to give the ownership of any part of the street to defendant and did not attempt to do so. Whether it had the power to give defendant the exclusive use of any portion of a public street need not be determined, for neither expressly nor by implication did the permit relied on attempt to do so.

It is the settled law of this state that the general public has the right to the use of a public street and every part thereof, regardless of whether there is a street car track on it or not. The right given the street car company is a privilege to occupy and use the street in conjunction with, and not to the exclusion of, the general public. In its use of the street said company is a part of the public, and every user, whether street car company, driver of a vehicle, or pedestrian, is each bound to exercise ordinary care for his own safety and to prevent injury to others. *Lucas v.*

*Omaha & C. B. Street R. Co.,* 104 Neb. 432. We think this doctrine applies with equal force to the use by defendant of that portion of Tenth street in question. Defendant was not the owner of that part of the street. Its right therein obtained by said permit is that of a licensee and does not exclude the use thereof by the public, at least only in so far as such use would interfere with a proper use of it by defendant. It follows that the rule so invoked is not applicable in this case.

The next question to be determined is: Was plaintiff's use of the street, at the time and place of his injury, such as to absolve defendant from the duty of taking ordinary care to prevent injurying him? To sustain the contention that this question should be answered in the affirmative, cases from the New England and some other states are cited which hold that only a traveler can recover damages from a town or city for injuries resulting from a defect in the street. Nearly all of these cases are from states whose statutes impose on the corporation the duty of keeping highways within its limits, safe for travelers or travel thereon and make it liable for damages resulting from its failure to do so. It is not difficult to understand why the courts in states having such statutes should limit the right of recovery to the persons to whom the duty is due. The foregoing rule does not generally obtain in states whose statutes do not contain provisions similar to those above referred to. In 6 McQuillan, Municipal Corporations, sec. 2754, it is said:

"In some states, in nearly if not all where the liability is statutory and the ruling is influenced by the particular wording of the statute, it is held that the person injured must have been using the street, at the time of the accident, for the purpose of travel. * * * In most states, however, the liability is not confined to travelers, but extends to a person stopping on the street to converse with another, or stopping to see a procession pass, or using the street for convenience or pleasure, and there are liabilities

to abutting owners and to children playing upon the street."

The leading case, in which the rule referred to in the last clause of said quotation is announced, is *City of Chicago v. Keefe,* 114 Ill. 222. That case has been cited with approval in numerous subsequent decisions and said rule has been approved and adopted in several other states, including Nebraska.

*City of Omaha v. Richards,* 49 Neb. 244, was an action to recover damages for the death of a boy, while playing in the street, by drowning in a pond of water negligently permitted by the city to remain there. In the opinion the following from the *Keefe* case, *supra,* is quoted with approval:

"There is no limitation in the statute that the streets shall be kept in repair 'for travelers.' They are to be kept in repair as streets, and, by necessary implication, for all purposes to which streets may be lawfully devoted. We assume as self-evident that, with us, streets are open to the use of the entire public as highways, without regard to what may be the lawful motives and objects of those traversing them, that those using them for recreation, for pleasure, or through mere idle curiosity, so that they do not impinge upon the rights of others to use them, are equally within the protection of the law while using them, and hence equally entitled to have them in a reasonably safe condition with those who are passing along them as travelers, or in the pursuit of their daily avocations."

A judgment for the plaintiff in the *Richards* case was affirmed, although the boy was in no sense a traveler, but was merely playing on the street. This decision is in direct conflict with three of the cases cited and relied on by defendant in which it was held that no recovery could be had for injuries by a child or other person while playing on the street.

The case at bar has been briefed and argued upon the theory that the same rule governs defendant's liability herein as would govern the liability of the city if plaintiff's

injuries had resulted from a defect in the street. If it should be determined on this theory and the rule stated in the *Richards* case, *supra,* were applied herein, the question of whether plaintiff was, at the time of the accident, a traveler is immaterial; and we are not prepared to say that a proper application of the rule relied on by defendant would prevent a recovery by plaintiff. It is certain that, in passing over Tenth street on his way home from his work, plaintiff was a traveler in the strictest sense of the word, and we do not think that, by stopping at the side of the street for ten or fifteen minutes to wait for a friend, he lost his status as a traveler. But, as we view the case, defendant's liabilitity herein is not governed by the rule which would be applied if the action were against the city. No case has been cited wherein a street railway company, or an individual, when sued for damages for negligently injuring another on a public highway, has been able to defend said action on the ground that the injured party, at the time of the accident, was not a traveler within the technical meaning of that term, and we know of no such case. On the other hand, in *Brightenburg v. Mulcahy,* 104 Neb. 794, this court held that a petition which alleges that a boy, while coasting on a street in Omaha, was injured by coming in contact with defendant's fence which extended into the street, stated a cause of action for damages resulting from defendant's negligence; and, in a recent case in Iowa, *Roennau v. Whitson,* 188 Ia. 138, it was held that a young woman who was injured, while coasting on a public highway, by the negligence of a man who was then traveling on said road in a buggy drawn by two horses, had a right of action against said traveler for damages resulting from said injuries. In our opinion, the proper rule to be applied in determining defendant's liability for negligence in this case is as follows: Where a street railway company and individual are both making lawful use of a public street, each is bound to exercise ordinary care for his own safety and to prevent injury to others. *Lucas v. Omaha & C. B. Street R. Co.,* 104 Neb. 432. A failure to do this may render the

party at fault liable for damages sustained by the other resulting from such failure; and neither such duty nor liability is increased or diminished by the fact that, at the time of the injury, one or both of said parties was, or was not, a traveler on said street. The foregoing effectually disposes of defendant's contention on this point.

Instruction No. 5, requested by defendant, embodies the rule covering contributory negligence of the plaintiff. "Contributory negligence is an affirmative defense, and cannot be proved unless alleged in the pleadings." *Reed v. Chicago, B. & Q. R. Co.*, 98 Neb. 20. As defendant's answer contained only a general denial, and as the evidence adduced would not have required a submission of that issue if it had been pleaded, the court properly refused to give said instruction.

Instruction No. 1, given by the court, is a summary of the material allegations of the pleadings and contains a statement that plaintiff alleged that he was damaged in the sum of $60,750. Defendant alleges that it was error to state the amount claimed, and says that "it is a practice not to be commended and justly deserving of criticism." Several members of the court agree with such criticism and are of the opinion that, when the damages claimed appear to be exorbitant, the amount so claimed should not be mentioned in any of the instructions; but all agree that the statement of the amount claimed in such an instruction is not reversible error where the damages assessed by the jury are not excessive, which they do not appear to be in this case. In the cases cited in defendant's brief on this point the jury were told, in the instruction on the measure of damages, that plaintiff might recover damages not exceeding the amount claimed in the petition, stating said amount. In said cases such an instruction is severely criticised on the ground that it might lead the jury to believe that a verdict for the full amount claimed would be proper and sustained by the court. The distinction between the case at bar and those cited is apparent, yet not

one of them was reversed because of the giving of such instruction.

Assignments of error 1, 2, and 3 is each directed to the giving of a different part of instruction No. 2, and together raise two questions, to wit: (1) Is the doctrine *res ipsa loquitur* applicable to the facts in this case? (2) If so, is the rule as to the effect which the application of such doctrine has on the burden of proof of negligence correctly stated in said instruction? We are satisfied that the first one of these questions should be answered in the affirmative and the second one in the negative.

In *Spellman v. Lincoln Rapid Transit Co.*, 36 Neb. 890, plaintiff was injured by the derailment of one of defendant's cars. He alleged that the derailment was through the carrier's negligence, and this court held that the doctrine *res ipsa loquitur* should have been applied; that, as it was shown that he was a passenger and was injured by the derailment of the car, the law, by presumption, supplied the proof of defendant's negligence for him; that it then devolved upon the carrier to rebut said presumption; and the case was reversed because the trial court instructed the jury, in effect, that said facts raised no presumption of negligence against the defendant company. In *Lincoln Traction Co. v. Shepherd*, 74 Neb. 369, it is said that the doctrine *res ipsa loquitur* applies where a collision or derailment occurs or where there is an accident to the machinery or appliances used as a means of transportation; that, "in such case, evidence of that fact and of the plaintiff's injuries arising therefrom, without other proof, raises the presumption of negligence. The thing itself speaks— '*res ipsa loquitur*'—and this is the foundation upon which the doctrine rests."

The fact that at the time of the injury to plaintiff in the case at bar he was not a passenger and sustained no contractual relation with defendant does not prevent the application of this doctrine, for it is based upon the nature and character of the act, and not on the relation between the parties. This principle is well stated in *Lincoln Trac-*

*tion Co. v. Webb,* 73 Neb. 136, 143, in the following language: "The presumption of negligence has been more frequently applied in cases of passengers than in any other; but there is no foundation in reason or authority for such limitation of the rule of evidence. The presumption originates from the nature of the act, not from the nature of the relation between the parties. The duty which the law enjoins in the two cases—carriers and noncontract cases—only differs in the degree of care to be exercised. The principle of law involved is the same."

The doctrine *res ipsa loquitur* has frequently been applied by the courts of other states in cases of derailment where the injured party was not a passenger but merely a bystander. *Caffrey v. Philadelphia Rapid Transit Co.,* 249 Pa. St. 364; *Chicago Union Traction Co. v. Giese,* 229 Ill. 260; *Baker v. Metropolitan Street R. Co.,* 142 Mo. App. 354; *Kunkel v. Chicago Consolidated Traction Co.,* 156 Ill. App. 393. We are of the opinion that the reasons justifying the application of this doctrine in such cases are equally potent in cases where the injury results from the deflection of such a car by a split switch. It was so applied in *Najarian v. Jersey City, H. & P. Street R. Co.,* 77 N. J. Law, 704, and *Geiser v. Pittsburg R. Co.,* 223 Pa. St. 170. In each of said cases a person who was not a passenger and who sustained no contractual relation with defendant was injured by the splitting of a switch.

The fact that the switch in question was located on defendant's premises does not prevent the application of the doctrine. It has been frequently applied where a building located on private property adjacent to a street has fallen, or building material or debris has fallen therefrom, thereby injuring a person on said street. *Waller v. Ross,* 100 Minn. 7, and cases therein cited. Said switch was located in such close proximity to the street that the splitting of same caused the end of the car to swing over a part of the sidewalk, thereby endangering the safety of any one thereon. It was therefore the duty of the defendant to use ordinary care in the construction, maintenance and operation

of said switch, and the rules governing its liability for a failure to do so are the same as if it were located in the street. The trial court did not, therefore, err in giving that part of instruction No. 2 which applied the doctrine *res ipsa loquitur* to the facts in the case at bar.

In the last part of said instruction, the court told the jury that, when the plaintiff has proved that he was injured through the splitting of the switch, the law raises a presumption of negligence on the part of defendant, and the burden would then be cast upon defendant of showing that the accident did not happen through want of ordinary care on its part; and that, "If you believe from a preponderance of the evidence that the accident was not due to any negligence on the part of the defendant, then your verdict must be for the defendant; but, if you find that the defendant has failed to show that the accident was not due to negligence on its part, then your verdict must be for the plaintiff." This was instructing the jury, in substance, that, when the plaintiff proved that he was injured by the splitting of the switch, the burden was cast upon defendant of proving that said accident and injury were not caused by its negligence; that such fact must be proved by a preponderance of the evidence before a verdict could be returned for defendant; and that if it failed to prove such fact the verdict must be for the plaintiff. This clearly shifted the burden of proof, on the issue of negligence, from plaintiff to defendant, and required the latter to prove by a preponderance of the evidence that it was not negligent, which is a violation of the well-settled rule in this state that the burden of proof does not shift during the progress of the trial, but rests throughout upon the party alleging negligence. *Rapp v. Sarpy County*, 71 Neb. 382; *Lincoln Traction Co. v. Webb*, 73 Neb. 136; *Lincoln Traction Co. v. Shepherd*, 74 Neb. 374; *Vertrees v. Gage County*, 75 Neb. 332.

That an application of the doctrine *res ipsa loquitur* does not shift the burden of proof of negligence, and what the force and effect of the presumption arising therefrom

is, are clearly stated in the *Shepherd* case, *supra*. After stating that facts and conditions justifying the application of said doctrine raise a presumption of negligence on the part of defendant which is sufficient, in the absence of any other evidence upon the subject, to establish *prima facie* such negligence, this court said:

"But if evidence appears in the plaintiff's own testimony or is offered by the defendant, sufficient to rebut this presumption, then the negligence of the carrier is not established by the presumption. In determining this question upon the whole evidence the burden of proof is upon the party who alleges negligence, and the proof must be sufficient to establish such negligence. The evidence tending to prove negligence of the carrier, including the presumption referred to as a part of said evidence, must preponderate, that is, the plaintiff must show by a preponderance of the whole evidence upon this point that the carrier was negligent and that this negligence contributed directly to his injury."

The judgment in that case was reversed because of the giving of an instruction which was, in substance, like the one now under consideration in this case. "The giving of an instruction which places the burden of proof to establish some of the facts put in issue by the pleadings on the wrong party is reversible error." *Omaha Street R. Co. v. Boesen,* 68 Neb. 437.

Plaintiff's evidence herein, including the presumption raised by the nature of the accident and injury, was sufficient to require the submission to the jury of the issue of defendant's negligence; but evidence was adduced by defendant to rebut said presumption, and plaintiff's other evidence on this point was contradicted by several witnesses, and it was necessary for the jury to determine said issue. It was, therefore, prejudicial error to place the burden of proving absence of negligence on the defendant, and, because of such error, the judgment of the district court is reversed and the cause remanded for further proceedings.      REVERSED.